NO.
12-06-00251-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THOMAS JAMES CARNES,           §                      APPEAL FROM THE 420TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      NACOGDOCHES
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Thomas James
Carnes appeals from his conviction for sexual assault.  In one issue, he argues that the trial court
should have granted his motion for a mistrial when a State’s witness mentioned
that Carnes was listed as a “sexual offender.” 
We affirm.

 

Background

            The
complaining witness was hitchhiking from New Orleans, Louisiana to Nacogdoches,
Texas when she was picked up by Appellant at a gas station in Appleby,
Texas.  According to her testimony,
Appellant drove her to a secluded area and sexually assaulted her.  After Appellant dropped her off near her intended
destination, the witness called the police and reported the assault.  An investigation was conducted, and a nurse
examined the witness.  An observant
employee at the gas station had written down the license plate of the car
Appellant was driving.  The owner of the
car had reported it stolen, and the police were able to identify Appellant as
the driver.  The complaining witness
picked Appellant out of two photo arrays, and DNA material recovered from under
her fingernails was matched to Appellant.








            A
Nacogdoches County grand jury indicted Appellant for the felony offense of
sexual assault and further alleged in the indictment that he had previously
been convicted of aggravated sexual assault in Panola County.  Appellant pleaded not guilty, and a jury
trial was held.  During the trial, one of
the investigating officers testified that he was able to obtain a current
photograph of Appellant after he “found that the subject was listed as a sexual
offender.”  Appellant objected and moved
for a mistrial.  The trial court sustained
the objection and denied the motion for mistrial.  Appellant was found guilty.  He admitted the prior conviction and, by law,
was sentenced to life imprisonment.  This
appeal followed.

 

Motion for
Mistrial

            A trial court may declare a mistrial
if there is an obvious procedural error that would cause the case to be
reversed on appeal.  See Ladd v.
State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  We review an order denying a motion for
mistrial for an abuse of discretion. 
See Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App.
2003).  A trial court does not abuse its
discretion when its decision is within the zone of reasonable
disagreement.  See Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

            A
witness’s inadvertent reference to an extraneous offense is ordinarily cured by
a prompt instruction to disregard.  See
Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000).  A reviewing court should presume the jury
followed the trial court’s instructions to disregard evidence or
testimony.  See Thrift v. State,
176 S.W.3d 221, 224 (Tex. Crim. App. 2005). 
A mistrial is required only when an improper question or reference is
clearly prejudicial to the defendant and is of such character as to suggest the
impossibility of withdrawing the impression produced on the minds of the
jurors. See Ladd, 3 S.W.3d at 567; Simpson, 119
S.W.3d at 272.

Analysis          

            The
improper information that made its way into this jury trial was powerful.  Appellant was on trial for sexual assault and
one of the State’s witnesses volunteered that he was “listed as a sex offender.”  Because this is more than a trifling
reference to improper information, the inquiry the trial court had to undertake
was whether, given the nature and extent of the evidence against Appellant, a
prompt instruction to disregard could cure the error.  See Simpson, 119 S.W.3d
at 274.  In this way, the trial court
conducted, in effect, “an appellate function: determining whether improper
conduct is so harmful that the case must be redone.”  Hawkins v. State, 135 S.W.3d
72, 77 (Tex. Crim. App. 2004).[1] 
This analysis is conducted in light of the trial court’s curative
instruction, and a mistrial is required only in extreme circumstances, where the
prejudice is incurable.  Id.

            There
was DNA evidence in this case that linked Appellant to the complaining
witness.  Appellant did not testify.  His attorney stated that Appellant did not
contest that there was sexual contact although he did contest the allegations
that he penetrated the witness’s sexual organ and the allegation that he did
anything against the witness’s consent. 
In short, Appellant conceded everything suggested by the DNA evidence
that did not constitute a crime, and contested everything else.  The complaining witness testified that
Appellant violently sexually assaulted her. 
There was no countervailing evidence and the report of the crime was
immediate and unequivocal.  The witness
identified Appellant well before any DNA results were available and was
steadfast in her assertions. 

            Whether
the mistrial was required is evaluated by way of the Mosley factors.  See Hawkins v. State, 135
S.W.3d 72, 77 (Tex. Crim. App. 2004) (citing Mosley v. State, 983
S.W.2d 249, 259 (Tex. Crim. App. 1998)). 
As applied here, the three factors are 1) the prejudicial effect of the
evidence, 2) the curative measures taken, and 3) the certainty of the
conviction absent the inadmissible evidence.

            The
prejudicial effect is high.  Although it
was a single brief reference, the jury was told that Appellant was a sex
offender, and he was on trial for sexual assault.  The curative measures were immediate and
direct.  The trial court told the jury
not to consider the inappropriate answer in any way.  We are at a disadvantage when it comes to the
third factor.  The complaining witness
testified directly and unequivocally that Appellant sexually assaulted
her.  Despite a number of entreaties by
Appellant’s lawyer, she did not withdraw the accusations she had made from the
first minutes following the assault, and there was no contrary evidence
presented.  But this is a case that
involves sex, consent thereto, and the accuser’s credibility.  From a cold record, we simply cannot
determine that a conviction was certain. 
However, the trial court did make that finding.  The trial court explained that it denied the
motion for mistrial based on the “quantity of the evidence, the quality of the
evidence before the Court and before the jury, the credibility of the
witnesses, [and] the fact that the violation was brief in nature.” 

            Given
that this type of error is not an automatic mistrial, see, e.g., Wead v.
State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004),[2] we must defer to
the trial court’s determination on this question when its decision is within a
zone of reasonable disagreement.  Id.
(“It appears that the trial court denied appellant’s motion for mistrial
because the trial court believed that its instruction to disregard was
sufficient to remove any prejudice. . . . Given the required standard of
review, the court of appeals was obligated to uphold the trial court’s ruling
if that ruling was within the zone of reasonable disagreement.”).  We have examined the particular facts of this
case.  The conviction turned on the
credibility of the complaining witness, and the trial court was in the best
position to assess the persuasiveness of her testimony.  The certainty of the conviction absent the
inadmissible evidence is the crucial determination, and we cannot conclude,
under the circumstances, that the trial court’s balancing of the Mosley factors
is outside the zone of reasonable disagreement or that the trial court abused
its discretion when it denied the motion for a mistrial.  We overrule Appellant’s sole issue.

 

Disposition

            We
affirm the judgment of the trial court.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

Opinion
delivered July 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1]
As the court recognized in Hawkins, some trial courts will have a
“bird’s eye view” of the situation because the case will be nearly concluded at
the time the motion for mistrial is made. 
Hawkins, 135 S.W.3d at 77. 
Such a scenario is presented here. 
The trial court ruled after the complaining witness testified and the
motion was renewed at the close of the evidence, affording the trial court the
same vantage as this court from which to evaluate this question.





[2] Appellant cites Tate v. State,
762 S.W.2d 678 (Tex. App.–Houston [1st. Dist] 1988, pet. ref’d), in which the
court of appeals held that, based on rule of appellate procedure 81(b)(2) (now
rule 44.2(a), it was not persuaded, beyond a reasonable doubt, that the error
did not contribute to the verdict.  This
case is governed by rule of appellate procedure 44.2(b), which requires us to
disregard irregularities that do not affect substantial rights.  See Archie v. State, 221 S.W.3d
695, 700 (Tex. Crim. App. 2007) (overruling decision that applied beyond
a reasonable doubt standard and, instead, applying rule 44.2(b) to mistrial
request).