Jeffery Arnold THRIFT, Appellant,

v.

The STATE of Texas.

No. PD–860–04.

Court of Criminal Appeals of Texas.

Nov. 2, 2005.

Walter M. Reaves, Jr., West, for appellant.

Christy Barber, Asst. D.A., Waco, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

PRICE, J., delivered the opinion for a unanimous Court.

The appellant was charged with sexual assault of a child and indecency with a child. At trial, evidence was admitted, over defense objection, to prove an element of the indecency count. The jury was instructed to consider that evidence for the indecency count only. On appeal, the court of appeals concluded that the trial court erred in admitting the evidence and that the appellant was harmed. The court reversed the indecency conviction. We granted review of the appellant's claim that the harm from the evidence was not limited to the indecency count, but that it also had a spillover effect on the sexual assault count. We hold that the jury instruction properly limited the jury's consideration of the evidence, and that the appellant failed to demonstrate that any spillover occurred that tainted the conviction for sexual assault of a child.

### I. Facts and Procedural History

The appellant, an eighteen-year-old male, was charged with sexual assault of a child and indecency with a child. Both allegations involved the same victim, a fourteen-year-old boy, and stemmed from

the same episode. At trial, the State introduced several pictures of nude males that were recovered from the appellant's house. These pictures were either printed from internet sources or photocopied from magazines—the pictures were not photographs of the complainant and were not taken by the appellant.

The appellant objected to the pictures as inadmissible under Rule 403, Texas Rules of Evidence, claiming that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or its tendency to mislead the jury. The trial court admitted the pictures on the grounds that they were relevant to prove that the act supporting the indecency count was done with the intent to arouse the appellant, this intent being an element of that crime. In the jury charge, the trial court included the following instruction to the jury:

> You are instructed that certain testimony has been admitted before you regarding certain pictures, State's exhibits 15, 16, 17 and 18. You cannot consider said pictures and testimony concerning same unless you believe beyond a reasonable doubt that the defendant possessed said pictures, if he did. And even then you may only consider same, if you consider same at all, in determining the intent of the defendant to arouse or gratify his sexual desire as alleged in Count Two of the indictment, and for no other purpose.[1]

The jury found the appellant guilty of both indecency with a child and sexual assault of a child and sentenced him to fifteen years' imprisonment on each of the two counts.

On appeal, the Tenth Court of Appeals held that admitting the pictures was an abuse of discretion by the trial court, despite a dissenting opinion that asserted that the pictures were necessary and relevant to prove the appellant's intent.[2] The court of appeals found harmful error and accordingly reversed the conviction for indecency with a child. The court of appeals did not reverse the appellant's conviction for sexual assault of a child. The appellant filed a motion for rehearing, claiming that the pictures had a spillover effect and that both convictions, not just the indecency conviction, were tainted, despite the limiting instruction by the trial court. Against a concurrence claiming that the appellant waived his spillover issue by not asserting it in the original appeal, the court of appeals considered the issue and held that, although it accepted the proposition that a spillover effect could occur, there was no spillover in the appellant's case that required reversal.[3]

We granted the appellant's petition for discretionary review. We affirm the court of appeals and hold that the conviction for sexual assault of a child was not tainted because the trial court properly limited consideration of the pictures as evidence of intent on the indecency count.

## II. Parties' Arguments

The appellant asserts that in determining the photographs to be inadmissible, the court of appeals concluded that the pictures were highly inflammatory and, because the evidence against the appellant was not overwhelming, the error was not harmless. According to the appellant, the harm from the pictures not only influenced the jury in its finding of indecency with a child, but also in its guilty verdict on the

---

1. *Thrift v. State,* 134 S.W.3d 475, 477 (Tex. App.-Waco 2004).

2. *Id.* at 479–81.

3. *Id.* at 483 (op. on reh'g).

count of sexual assault of a child. In essence, the appellant argues that the spillover effect of the improperly admitted pictures influenced not only the indecency with a child finding, but also the jury's finding of guilt on the sexual assault charge, even though the trial court instructed that the pictures were only to be considered as evidence of intent on the indecency count.

The State did not file a cross-petition challenging the decision below for reversing the appellant's conviction for indecency with a child. However, the State argues that the conviction for sexual assault of a child should be upheld because the photographs were limited in scope and because the jury was properly instructed to only consider the pictures for the intent element on the charge of indecency with a child only. The State also agrees with the concurring opinion to the denial of rehearing and contends that the appellant did not bring the spillover issue in its original appeal and should be denied review for this reason alone.

### III.  Law and Analysis

■ The appellant's brief on original submission was ambiguous as to whether he was claiming error only in the conviction for indecency with a child or in both convictions. This ambiguity caused one justice on the court of appeals and the State to argue that the appellant waived his right to further review. Out of an abundance of caution and because the appellant's brief on original submission arguably encompassed the issue, the court of appeals considered the merit of the appellant's claim of a spillover effect from the evidence that may have influenced the jury's deliberation on the count of sexual

assault of a child. Just as the court of appeals addressed this issue despite the ambiguity of the appellant's claim, we also will consider the merits of this case in order to clarify the ruling of the court of appeals.

In determining whether there was a spillover effect in the present case, the court of appeals considered *United States v. Pelullo*, a case from the Court of Appeals for the Third Circuit, which noted that, although the invalidation of the conviction on one count will not generally lead to reversal on other counts, there is a possibility of a spillover effect from the tainted count that could be sufficiently prejudicial to require reversal of all counts.[4] *Pelullo* listed many factors to consider when deciding whether there was spillover, including, but not limited to, whether the charges are intertwined with each other and whether the evidence for each count was sufficiently distinct to support the verdict on other separate counts.[5] In determining that there was not a spillover effect in the present case, the court of appeals applied this analysis to the facts of the appellant's case and noted that the trial court had limited the jury's consideration of the pictures to the intent element of the indecency count.[6]

We also recognize the possibility that inadmissible evidence admitted for one purpose could spill over and taint another conviction. Unlike the court of appeals, however, we decline to adopt the Third Circuit's approach to determine whether there was spillover in this case. An analysis of the factors set forth in *Pelullo* is unnecessary to the outcome of this case because the jury was instructed that it was to consider the pictures of the nude males only as evidence of intent on the indecency

4.  14 F.3d 881, 897–98 (3rd Cir.1994).

5.  *Id.* at 898–99.

6.  *Thrift,* 134 S.W.3d at 483 (op. on reh'g).

count, "and for no other purpose."[7] The critical determination we must make is whether the trial court's instruction was effective to prevent spillover.

The court of appeals held that the instruction was ineffective to limit the jury's consideration to only intent for the indecency count. Nonetheless, the court of appeals cited the effectiveness of the jury charge as a factor in deciding that there was not spillover from the evidence that could have tainted the conviction for sexual assault of a child.[8] Because the State did not seek review of the reversal on the indecency conviction, whether the court of appeals was correct in its determination of the effectiveness of the instruction limiting the pictures to evidence of intent is not an issue before this court. However, the effectiveness of the jury instruction at limiting the consideration of the pictures to the indecency charge is an issue before this court that is directly relevant in deciding whether spillover occurred.

■ The instruction in this case is clear, determinative, and it unambiguously limited the consideration of the pictures to the indecency charge. It even refers to "count two" of the indictment, which was the charge for indecency with a child, and makes clear that the pictures were to be used "for no other purpose" than "count two."[9] On appeal, we generally presume the jury follows the trial court's instructions in the manner presented.[10] The presumption is refutable, but the appellant must rebut the presumption by pointing to evidence that the jury failed to follow the trial court's instructions.[11] In this case, the appellant has failed to rebut the presumption that the jury followed the trial court's instruction. In light of the trial court's proper instruction regarding the use of the evidence and the appellant's failure to rebut the presumption that the jury followed that instruction, we presume that the jury did not consider the nude pictures in their determination of guilt on the charge of sexual assault of a child. Therefore, the appellant failed to demonstrate that there was any spillover effect resulting from the admission of the pictures.

## IV. Conclusion

The court of appeals did not err in affirming the appellant's conviction for sexual assault of a child. We affirm the judgment of the court of appeals.

---

**7.** *Ibid.*

**8.** *Id.* at 479–483.

**9.** *Id.* at 477.

**10.** *Colburn v. State,* 966 S.W.2d 511, 520 (Tex. Crim.App.1998) (jury presumed to disregard parole during deliberation when so instructed); *Williams v. State,* 937 S.W.2d 479, 490 (Tex.Crim.App.1996) (jury presumed to follow court's instructions as given); *Waldo v. State,* 746 S.W.2d 750 (Tex.Crim.App.1988) (jury presumed to follow instruction to disregard evidence); *Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.1987).

