NUMBER 13-05-00227-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                     
  

JERRY DEAN ELLIOTT,                                                                   Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


  On appeal from the 36th District Court of San Patricio
County, Texas.

                                                                                                                       


                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Jerry Dean Elliott, guilty
of possession of more than four grams, but less than two-hundred grams, of
methamphetamine,[1]
and assessed his punishment at eighteen years= imprisonment and a $1,100 fine.  In one issue, appellant contends the trial
court erred in allowing evidence of an extraneous offense to be presented to
the jury during the punishment phase of the trial.  We affirm.

During the punishment phase of the trial,
the State sought to introduce evidence of the following two extraneous
offenses: (1) appellant=s May 4, 1998 conviction for the possession
of amphetamines, a third degree felony; and (2) appellant=s February 6, 2003 arrest for the possession
of methamphetamine, a case which was still pending.  Over defense counsel=s objection, the trial court initially
allowed Officer Rusty Young to testify about the 2003 arrest.  However, after defense counsel took Officer Young
on voir dire, the trial judge instructed the jury to disregard all of Officer
Young=s testimony about the 2003 arrest.  Appellant moved for a mistrial, but the trial
court denied the motion.

 During the punishment phase, the State may
offer evidence on any matter deemed relevant to sentencing, including the
defendant=s prior criminal record and any Aevidence of an extraneous crime or bad act
that is shown beyond a reasonable doubt by evidence to have been committed by
the defendant or for which he could be held criminally responsible, regardless
of whether he has previously been charged with or finally convicted of the
crime or act.@  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon Supp. 2005).

Since the trial court instructed the jury to
disregard Officer Young=s testimony  about the 2003 arrest, we assume, without
deciding, that the introduction of the officer=s testimony was erroneous.  Accordingly, we conclude that the issue
before this Court is whether the trial court=s limiting instruction was sufficient to
cure that error.

As a general rule, testimony








referring to . . . extraneous offenses can be rendered harmless by an
instruction to disregard by the trial judge, unless it appears the evidence was
so clearly calculated to inflame the minds of the jury or is of such damning
character as to suggest it would be impossible to remove the harmful impression
from the jury's mind.

 

Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992).  On appeal, courts employ a presumption that
juries follow the law as instructed by the trial judge and consider only what
the judge allows them to consider.  Thrift v. State, 176 S.W.3d 221, 224 (Tex.
Crim. App. 2005); see Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim.
App.1998); Williams v. State, 937 S.W.2d 479, 490 (Tex. Crim.
App.1996).  This presumption may be
rebutted, but only by evidence that the jury disregarded the judge=s instructions.  See Thrift, 176 S.W.3d at 224; Colburn,
966 S.W.2d at 520.  Only when Athe facts of the case suggest the
impossibility of removing the impression produced on the minds of the jury@ is an instruction to disregard insufficient
to cure the error.  Waldo v. State,
746 S.W.2d 750, 754 (Tex. Crim. App. 1988).

The jury was
admonished several times that they were to disregard all of Officer Young=s testimony and that the testimony was to
play no part in their deliberations. 
Since the officer=s testimony was not so inflammatory that its
effect could not be cured by an instruction to disregard, we start with the
presumption that the jury followed the judge=s instructions.  Appellant may rebut this presumption only
with evidence that the jury disregarded the judge=s instructions.








As evidence that the jury disregarded the
judge=s instructions and considered Officer Young=s testimony, appellant points only to the
fact that the jury assessed his punishment at eighteen years= imprisonment, only two years short of the
statutory maximum.  Given the amount of
methamphetamine possessed by appellant at the time of his arrest, as well as
his 1998 conviction for possession of amphetamines, we cannot say that
appellant=s punishment is excessive.

Accordingly, we hold that appellant failed
to rebut the presumption that the jury followed the judge=s limiting instructions to disregard Officer
Young=s testimony. 
Appellant=s sole issue is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this
the 20th day of July, 2006.











[1]
The possession of
more than four grams, but less than two-hundred grams, of methamphetamine is a
second-degree felony.