Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-07-00852-CV

## IN THE MATTER OF S.A.B., II

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-JUV-00103
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Catherine Stone, Justice

Sitting:    Catherine Stone, Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:    August 20, 2008

AFFIRMED

S.A.B.  was adjudicated delinquent by a juvenile court after a jury found he had committed

the offense of burglary of a vehicle.  S.A.B. was sentenced to 12 months probation in the custody

of his father.  On appeal, S.A.B. challenges the trial court's denial of his motion for mistrial.  We

affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On the day of the offense, S.A.B. and M.Q. entered a convenience store to get change.

According to M.Q., the two had previously discussed burglarizing a car.  After they exited the store,

the owner of the convenience store, Dale Whiteside, observed them walk across the parking lot and

open the door of a car parked in front of the karate school next door.  Whiteside believed the car

belonged to a karate school customer so he walked across the parking lot to better observe S.A.B.

and M.Q. S.A.B. was standing outside the car acting as a lookout as M.Q. rummaged through the car looking for money or items of value. S.A.B. and M.Q. left the car without taking anything and walked towards a field across the road from the parking lot. Whiteside went into the karate school and reported what he had observed. Two of the instructors of the karate school, Officer Robert Moreno and Detective Robert Carey, were off-duty police officers. Officer Moreno ran after M.Q. and S.A.B. while Detective Carey drove his personal vehicle across the field to intercept them. M.Q. and S.A.B. were detained and eventually arrested.

### MISTRIAL

S.A.B. argues that his trial was irreparably tainted by M.Q.'s testimony that S.A.B. had previously burglarized cars with M.Q., and therefore, the trial court abused its discretion in denying his motion for mistrial. A mistrial is appropriate when error is so prejudicial that the proceedings should be stopped because expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). The denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Generally, any error associated with improper questioning will be cured by an instruction to disregard. *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id.* at 77. To determine whether the trial court abused its discretion in denying the motion for mistrial, we consider: (1) the magnitude of the prejudicial effect; (2) the measures adopted to cure the error; and (3) the certainty of conviction absent the erroneous admission of evidence. *See Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). S.A.B. contends that the following testimony from M.Q. warranted a mistrial:

Q       Was there a discussion about this crime before committing it?

```
A       Yes, when we were walking that's when we decided.
Q       Who decided exactly?
A       Me and [S.A.B.].
Q       What did you decide to do?
A       Decided to rob the car, or get in the car.
Q       How did this conversation come about?  Can you tell me what you said and
what [S.A.B.] said?
A       Well, we were thinking about it and I made the suggestion come true.
THE COURT:  Start over and repeat that and speak louder.
A       We were thinking about it and we made the suggestion come true, made it
happen.  We thought about it and we did it.
Q       How do you know he was willing to do it with you?
A       Because we done it in the past.
[ATTORNEY FOR S.A.B.]  Objection.  May we approach?
```

The State argues that S.A.B.'s objection and the subsequent discussion at the bench was not sufficiently specific to preserve error.  It was clear, however, from the context of the objection and the State's response to the objection that S.A.B. was objecting to M.Q.'s testimony about S.A.B.'s prior extraneous offenses, i.e., his involvement in prior burglaries.

Although S.A.B. properly preserved error, we nonetheless conclude the trial court did not abuse its discretion in denying S.A.B.'s motion for mistrial.  The inadmissible testimony was not clearly calculated to inflame the minds of the jury, nor was it of such a character as to suggest the impossibility of withdrawing the impression left upon the jury.  *See Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992).  Additionally, M.Q.'s inadmissible testimony was not emphasized by the State; the trial court gave the jury a proper and specific instruction to disregard the improper testimony; and in the context of all the evidence presented at S.A.B.'s trial, there was a sufficient basis for the jury to convict regardless of the inadmissible testimony.  *See Mosley*, 983 S.W.2d at 259.  M.Q.'s testimony that S.A.B. had discussed and planned burglarizing a car, and M.Q.'s testimony that S.A.B. acted as a lookout while M.Q. entered the car to steal money or valuables provided a sufficient basis for the jury to find he engaged in delinquent conduct.  Accordingly, the

trial court did not abuse its discretion in determining that the instruction to the jury was sufficient to cure any prejudicial effect arising from M.Q.'s testimony regarding the extraneous offenses. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005) (noting that reviewing court should presume the jury followed the trial court's instruction to disregard evidence or testimony).

## CONCLUSION

Having determined that the trial court did not abuse its discretion in denying S.A.B.'s motion for mistrial, we overrule his point of error. The judgment of the trial court is affirmed.

Catherine Stone, Justice