

# IN THE
# TENTH COURT OF APPEALS

No. 10-11-00372-CR
No. 10-11-00373-CR
No. 10-11-00374-CR
No. 10-11-00375-CR
No. 10-11-00376-CR

**MARK ANTHONY APONTE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 52nd District Court
Coryell County, Texas
Trial Court Nos. FISC-10-20148; FISC-10-20149; FISC-10-20150;
FISC-10-20151; and FISC-10-20152

## MEMORANDUM OPINION

Although charged with aggravated sexual assault by five separate indictments, Mark Anthony Aponte was found guilty of lesser included offenses: two offenses of sexual assault, appellate case numbers 10-11-00373-CR and 10-11-00374-CR, and three offenses of indecency with a child, appellate case numbers 10-11-00372-CR, 10-11-00375-

CR, and 10-11-00376-CR. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.011 (West 2011). He was sentenced to five years in prison for each of the two sexual assault convictions and five years in prison with the sentence suspended and community supervision imposed for each of the indecency convictions. The victim in each offense was D.K.[1]

Because the trial court did not abuse its discretion in admitting certain evidence over a Rule 403 objection, we affirm.

## RULE 403 BALANCING

In one issue, Aponte argues the trial court abused its discretion in admitting extraneous evidence of pornography, specifically testimony from D.K. and a State's evidentiary exhibit, during the guilt phase of Aponte's trial because the danger of unfair prejudice substantially outweighed the probative value of the evidence introduced. *See* TEX. R. EVID. 403.

A trial court's Rule 403 decisions are reviewed for an abuse of discretion. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005); *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). A reversal will occur only if the trial court's decision is outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 150 (Tex. Crim. App. 2001).

Evidence may be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence. TEX. R. EVID. 403. Rule 403

---

[1] D.K. was the pseudonym used for the victim in the indictments.

favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996). The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284. All testimony and physical evidence are likely to be prejudicial to one party or the other. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010); *Jones*, 944 S.W.2d at 653. It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Id*.

A proper Rule 403 analysis by either the trial court or a reviewing court includes balancing the following factors: (1) the inherent probative force of the proffered item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-642 (Tex. Crim. App. 2006); *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). *See*

*Cressman v. State*, No. 10-11-00393-CR, 2012 Tex. App. LEXIS 9849, *8-10 (Tex. App.—Waco Nov. 29, 2012, no pet.) (not designated for publication).

### D.K.'s Testimony

D.K. testified that Aponte began sexually abusing her when she was about four years old. The abuse started with Aponte touching her on the outside of her vagina. It progressed to touching her vagina with his tongue and penetration of her vagina with his finger and with his penis. He also penetrated her anus with his penis and had her perform oral sex on him. At a hearing outside the presence of the jury, D.K. testified that she periodically watched pornography on Aponte's computer with him from the time she was four until she was fifteen years old. Over Aponte's Rule 403 objection, the trial court allowed D.K. to testify before the jury about watching pornography on Aponte's computer.

### 403 Review

D.K's credibility was attacked early in the proceeding. Aponte's theory of the case, pointed out to the jury in his opening statement, was that there were many inconsistencies in D.K.'s story about the extent of the sexual assaults and her age range of when the specific types of assaults began. He also informed the jury that D.K. had sought out others on Facebook who had also allegedly been sexually assaulted and who described their assaults to D.K., insinuating that D.K. used this information to fabricate the abuse because the report of abuse came after Aponte threatened to take away D.K.'s

online social community. Thus, D.K.'s testimony regarding the pornographic images shown to her was probative, making more probable that the abuse occurred and was needed by the State to aid with rehabilitating D.K.'s credibility.

The tendency for D.K.'s testimony to confuse or distract the jury from the main issue, that being Aponte's alleged sexual assaults of D.K., was minimal. The existence of pornography, either on D.K.'s computer, Aponte's computer, or video tapes left at the house by Aponte's now deceased father, was mentioned, at least briefly, by just about every witness produced at trial and was clearly a theme in the case used by both sides. Although the trial court offered during the hearing outside the presence of the jury to give an extensive limiting instruction after D.K.'s testimony regarding the pornography viewed, when the time came, Aponte did not request that one be given. The offered limiting instruction was, however, given in the court's charge to the jury. The instruction limited the jury's use of D.K.'s testimony to determining Aponte's state of mind and D.K.'s state of mind and the past and subsequent relationship between Aponte and D.K. to aid the jury in passing on the question of whether the acts alleged and elected by the State actually occurred. Thus, the jury was equipped to evaluate the probative force of the evidence. Further, D.K.'s testimony about the pornography viewed with Aponte did not take an inordinate amount of time to develop: only three out of over 100 pages of her testimony.

Accordingly, balancing the necessary factors, we find the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, and the trial court did not abuse its discretion in admitting D.K.'s testimony over Aponte's Rule 403 objection.

*Exhibit 9*

Kirby Culp, a detective with the McLennan County Sheriff's Department, was provided computers and other electronic items from Aponte's home to search for evidence relating to sexual abuse or child pornography. He found images on a Dell laptop computer depicting young women posing in various stages of dress or engaged in sexual acts. The file name where these images were located was "nubiles" which is commonly used to identify pornography involving young girls. He also found indications that video and image files likely depicting pornographic content had been stored on and viewed from a removable disk. Culp further located and bookmarked 17 database files containing a web browser history which had to do with pornography.

On a Power Spec PC, Culp found a folder in the "root" directory entitled "Mark's documents." Also in the root directory was a folder that contained images of persons engaged in sexual acts. Within the file names of that folder were terms such as "12-year-old," "teenager," "teen," and "Lolita" which are terms commonly included in file names that contain child pornography. In Culp's opinion, those images were intentionally stored in the folder. It was also Culp's opinion that someone had

attempted to delete or format over that folder. Culp also located "Google" searches for terms such as "daddyswhores" on this computer.

Culp also examined the hard drive of a Matrix computer. It appeared that files on a removable disk containing pornographic content had also been viewed using this computer. There were indications that the removable disk was the same or very similar to the one used on the Dell laptop. Culp discovered that a second hard drive had been installed on the Matrix computer that likely contained files with pornographic images in them. He found additional images depicting persons engaged in sexual acts or posed in various states of undress on the computer's original hard drive located in a "cache" folder with a Firefox web browser. Google searches for similar terms as on the Power Spec PC were located on the Matrix computer as well.

Later, Culp searched the Power Spec PC again using a different program. He located more pornographic images that he had not previously discovered. Some of those images were what Culp believed to be child exploitation. He placed these particular images on a disk which was offered as State's Exhibit 9.

These images, as well as others, were the subject of a hearing outside the presence of the jury, separate from the hearing regarding D.K's testimony, pursuant to another Rule 403 objection. The trial court heard testimony from Culp, argument from counsel, and viewed the disputed images. After conducting the Rule 403 balancing test, the trial court overruled the objection as to the images on State's Exhibit 9. At the time

of its offering into evidence, Aponte renewed his Rule 403 objection.  The trial court

admitted State's Exhibit 9 with the following instruction:

> …you are instructed that if there is any testimony before you with this witness in this case regarding the defendant having committed other acts other than the offenses alleged against [him] in the indictments tried in this cause, that you cannot consider such other acts, if any, unless you first find beyond a reasonable doubt that the defendant committed such acts, if any; but if you do not believe so, or you have a reasonable doubt thereof, you will not consider such evidence for any purpose.  You are further instructed that you cannot consider State's Exhibit No. 9 unless you believe beyond a reasonable doubt that the defendant possessed the pictures, if he did; even then you may use the evidence only to consider it, if at all, in determining the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child, not as any proof that the defendant is guilty of the indictment's charged offenses.

The jury was then allowed to view the exhibit.[2]  A substantially similar limiting

instruction was provided to the jury in the court's charge.

---

[2] The "exhibit" included in the reporter's record is a disc with a total of 208 images in individually numbered "jpg" files under a file folder labeled "09-285 Report-Suspected Child Exploits."  The images that were the subject of the objection were included under this electronic file label.  But on the disc, there is no indication of which of these images comprise the images included in/on Exhibit 9.  Some images, including some of the disputed images, are duplicated within this file.  Only by reviewing the images on the disc and the reporter's record at the same time have we been able to identify the specific images that were admitted as Exhibit 9 and about which the present complaint was made.  We caution trial counsel for all parties and the trial courts that electronic files on appeal are very difficult, read that as time consuming, to work with in determining what constitutes an admitted or excluded exhibit especially when it contains multiple electronic files.  The problem is multiplied if some files on the same disc, or other electronic media, are not admitted when others are admitted.  This problem also presents issues of publication to the jury as well as the jury having access during deliberation to all of the admitted exhibits but not the excluded exhibits.  These problems can be easily eliminated if the electronic files, whether images, video, or documents, that are admitted are copied or moved to one disc for the jury to use during deliberation and which then comes up on appeal; likewise, those files that are excluded are copied or moved to another disc which comes up on appeal but which does not go to the jury.  In this particular case, we note that this could have been easily done by reference to the label of each electronic file on the disc index that was either admitted or excluded.  Particular attention also needs to be made to the "viewability" of the exhibit by the appellate court.  No exhibit should require proprietary software to

*403 Review*

As stated previously, D.K's credibility was attacked early in the proceeding and continually throughout the trial. The credibility of her mother, to whom D.K. made her initial outcry, was also attacked. Thus, State's Exhibit 9, containing pornographic images found on Aponte's computer, was probative, by establishing the nature of the relationship between D.K. and Aponte, thus making more probable that the abuse occurred and was needed by the State to aid with rehabilitating the State's primary witnesses. Further, there was only a limited possibility or tendency for the exhibit to confuse or distract the jury from the main issue, that being Aponte's alleged sexual assaults of D.K. As previously discussed, the existence of pornography was mentioned throughout the trial and was clearly a theme in the case used by both sides. The trial court gave a thorough limiting instruction prior to the publication of the exhibit to the jury. A substantially similar limiting instruction was given in the court's charge to the jury. Thus, the jury was equipped to evaluate the probative force of the exhibit. Finally, the time necessary for the introduction of the exhibit took about 100 pages of testimony to develop. This is not an insignificant amount of time, but it was not all just about the introduction of this single exhibit. However, in relation to the overall length of the trial, that being eight days from start to finish, 100 pages was not an inordinate amount of

---

review. These issues are extremely important now and will become even more important as we move to e-filing of the record and briefs.

time for the development of the evidence, including that specifically related to the introduction of Exhibit 9.

Aponte relies on this Court's opinion in *Thrift* to argue that the trial court abused its discretion in permitting the introduction of State's Exhibit 9 over a Rule 403 objection. *See Thrift v. State*, 134 S.W.3d 475 (Tex. App.—Waco 2004), *aff'd on other grounds*, 176 S.W.3d 221 (Tex. Crim. App. 2005). *Thrift* should be limited to its facts, and those facts are distinguishable. In *Thrift*, the evidence was offered to show intent which this Court determined was not in dispute; thus the evidence could not pass a Rule 403 balancing test. Here, the evidence was offered to show the state of mind of Aponte and D.K. and to show their past and present relationship. Thus, *Thrift* is not on point, and we will not follow the holding of *Thrift* in this case.

Accordingly, balancing the necessary factors, we find the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, and the trial court did not abuse its discretion in admitting State's Exhibit 9 over Aponte's Rule 403 objection.

**CONCLUSION**

Aponte's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis concurs without a separate opinion)
Affirmed
Opinion delivered and filed July 11, 2013
Do not publish
[CR25]