

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-15-00120-CR

JEREMY DAVID LUMMUS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1394641D, Honorable David Hagerman, Presiding

October 19, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Jeremy David Lummus, appeals his conviction for possessing at least four but no more than 200 grams of a controlled substance (that is, methamphetamine) with intent to deliver.[1] Three issues pend for our determination. Through the first, he contends that the trial court erred in refusing to grant him a mistrial. The second involves whether the trial court erred in denying him an instruction on a lesser included

---

[1] Because the appeal was initiated in and transferred to us from the Fort Worth Court of Appeals, we must apply that court's precedent as opposed to the precedent of this court. *See* TEX. R. APP. 41.3.

offense. Through the last issue, appellant believes that evidence collected at the scene of the crime should have been suppressed. We affirm.

*Issue One – Mistrial*

According to appellant, "[t]he trial court erred when it overruled [his] motion for mistrial after an officer testified to extraneous offense information." The "extraneous offense information" consisted of the officer stating that he came to know appellant "from a prior case." The reply also violated the terms of a previously granted motion in limine, in appellant's estimation. We overrule the issue.

Appellant's objection to the evidence was sustained by the trial court. Per his request, the trial court also "instructed [the jury] to disregard the last answer of this witness." His ensuing request for a mistrial was denied, though. Appellant cites us to no evidence indicating that the jury failed to abide by the trial court's directive to disregard the evidence. This is of import since we generally presume that the instruction was heeded. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *Hart v. State*, No. 02-14-00268, 2015 Tex. App. LEXIS 10445, at *15 (Tex. App—Fort Worth October 8, 2015, no pet. h.) (mem. op., not designated for publication). And, it falls upon the complaining party to "point[ ] to evidence" illustrating that it was not. *Thrift v. State*, 176 S.W.3d at 224. Again, appellant did not satisfy the latter obligation here. *See Turner v. State*, No. 02-13-00487-CR, 2015 Tex. App. LEXIS 8559 at *28 (Tex. App.—Fort Worth August 13, 2015, no pet.) (mem. op., not designated for publication). (also involving the denial of a mistrial after the jurors were instructed to disregard the evidence and observing that "[w]e presume that the jury followed the trial court's instruction absent evidence to the contrary").

Furthermore, a mistrial is a device used to halt a proceeding when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009). It should be granted only in those situations where the objectionable evidence was clearly calculated to inflame the minds of the jurors or was of such a damning nature that it would be impossible to remove the harmful impression from the jurors' minds. *Id.* We also note that where the evidence involves the inadvertent reference to an extraneous offense, a prompt instruction to disregard it generally cures the situation. *Id.*

In *Young,* the appellant was charged with and convicted of capital murder. During his trial, a testifying officer mentioned that the weapon used by the defendant was "stolen." The testimony elicited an objection, which was sustained, and an instruction to disregard, which was provided. However, the request for a mistrial was denied, like here. Though reference to the weapon being stolen served to interject evidence of an extraneous offense, the Court of Criminal Appeals held that the trial court "could have reasonably concluded that the answer was not so inflammatory as to be incurable by an instruction to disregard." *Id.* This was especially so since the witness "did not actually assert that the appellant stole the weapon or that he knew it was stolen." *Id.* No less is true here.

The officer at bar did not say that the "prior case" involved appellant's possession or sale of drugs. Additionally, the witness's allusion to a "prior case" could reasonably be construed by a trial judge as no more inflammatory than identifying the firearm used in a murder as "stolen." Nor have we been cited to anything of record indicating that the inadmissible information was reiterated elsewhere. Given these circumstances and

3

the ruling in *Young*, we cannot say that the trial court abused its discretion when denying the request for a mistrial. *See West v. State,* 121 S.W.3d 95, 100 (Tex. App.—Fort Worth 2003, pet. ref'd). (holding that the denial of a motion for mistrial is reviewed under the standard of abused discretion); *see also Turner v. State*, *supra* (involving reference to appellant selling illegal cable boxes when being tried for aggravated assault and concluding that it was not error to deny mistrial because the objection was sustained, the trial court instructed the jury to disregard the improper testimony, the reference to the improper evidence was brief and went unrepeated, and the remark was not so inflammatory as to be beyond amelioration through an instruction to disregard).

*Issue Two – Lesser Included Offense*

Next, appellant argues that the trial court erred in denying him an instruction on the lesser included offense of possessing one or more but less than four grams of a controlled substance. We overrule the issue.

A two-step procedure is utilized in determining whether an appellant was entitled to a lesser-included offense instruction. *Acosta v. State*, No. 02-13-00470-CR, 2015 Tex. App. LEXIS 10463, at *13-14 (Tex. App.—Fort Worth October 8, 2015, no pet. h.) (mem. op., not designated for publication). Not only must we determine if the purported lesser offense is a lesser offense within the scope of article 37.09 of the Code of Criminal Procedure but also if some evidence exists of record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Acosta v. State, supra.* The latter prong is determined by reviewing the evidence in the context of the entire record. *Id.* That is, there must be some evidence from which a rational jury could acquit the appellant of the greater offense while convicting him of only the lesser-

4

included offense. *Id.* And, whether the evidence is credible, controverted, or in conflict with other evidence does not matter. *Id.* Anything more than a scintilla of evidence may be enough. *Id.*

It is the second prong that goes unsatisfied here. Appellant believes that the record contained evidence indicating that the amount of controlled substance he possessed was less than four grams. Again, he was charged with possessing four or more but less than 200 grams of contraband with intent to deliver.

The evidence to which he alludes came from the testifying chemist. He spoke of 1) weighing the crystalline substance taken from appellant's car after removing debris that was included within the packet delivered to him and 2) determining that the crystalline substance contained methamphetamine. The weight of the crystalline substance was 23.78 grams, according to the chemist. The latter also testified that he could not determine the amount or weight of pure methamphetamine within the crystalline substance. That is, he could not determine how much of the substance constituted methamphetamine and how much constituted dilutants and adulterants. Then he admitted it was "possible" that the pure methamphetamine within the totality of the crystalline substance weighed less than four grams.

Because the actual methamphetamine may have weighed less than four grams, according to appellant, the record allegedly contained evidence entitling him to an instruction permitting conviction for possessing, with the intent to deliver, from one to less than four grams of a controlled substance. The argument is flawed in a most obvious way, though, due to its premise that only contraband in its pure form goes into the calculus.

5

The statute criminalizing appellant's act permits the inclusion of the dilutants and adulterants in the equation. That is, it specifies that a person commits a felony of the first degree if he knowingly or intentionally possesses, with intent to deliver, a controlled substance "if the amount of the controlled substance . . . is, *by aggregate weight, including adulterants or dilutants*, four grams or more but less than 200 grams." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) & (e) (West 2010) (emphasis added). At no time did the chemist testify that the weight of the crystalline substance containing the methamphetamines with adulterants and dilutants was less than four grams. So, evidence that the amount of the pure methamphetamine, without its accompanying dilutants and adulterants, may be less than four grams does not acquit him of the greater offense and convict him of only the lesser. It did and does not entitle him to the lesser included offense instruction he desired.

*Issue Three—Suppression of Evidence*

In his final issue appellant contends that trial court erred in denying his oral motion to suppress. The substance of appellant's argument consists of the following:

> Here, law enforcement officers unlawfully detained and intruded upon the privacy of Appellant without lawful authority, without probable cause and without a valid warrant. The detention and intrusion were followed by the entry and search of a vehicle and seizure and search of materials and items without consent or lawful authority and without a valid search warrant or probable cause.

To that he adds:

> The detention, intrusion, invasion, search of Appellant, as well as the seizure and search of materials and items therefrom violated Appellant's rights under the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution and under Article I, Sections 9, l0 and l9 of the Texas Constitution; as well as Articles 38.21 and 38.22 of the Texas Code of Criminal Procedure.

6

Missing, however, is any discussion of why the facts at bar amounted to an unlawful detention and illegal search. This omission proves fatal.

It is not enough to simply conclude that a stop and search was improper or violated constitutional prohibition. An appellant has the obligation to provide us with a "clear and concise argument for the contentions made with appropriate citations to authorities and to the record." TEX. R. APP. 38.1(i). Encompassed within that duty is the task of placing flesh on bare-bone allegations . . . of explaining or discussing why his argument has substance. As stated in *Bell v. State*, 90 S.W.3d 301 (Tex. Crim. App. 2002), "[t]o brief a . . . constitutional issue adequately, appellant must present specific arguments and authorities supporting his contentions . . . [and where] he has failed to meet this burden, appellant's . . . constitutional claim is inadequately briefed and is, therefore, overruled." *Id.* We overrule the constitutional issue appellant proffered at bar due to inadequate briefing.

The judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish

7