

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00228-CR

Larry Wayne **DAVIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR8968
Honorable Lorina I. Rummel, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Karen Angelini, Justice
            Irene Rios, Justice

Delivered and Filed:  February 8, 2017

AFFIRMED

A jury found appellant, Larry Wayne Davis, guilty of assault with a deadly weapon, and the trial court assessed punishment at forty years' confinement.  On appeal, appellant asserts the trial court erred by denying his motion for mistrial.  We affirm.

## BACKGROUND

Appellant shot the complainant at least five times while the complainant was standing in the street outside appellant's house with his hands in the air.  San Antonio Police Officer Nancy Olguin testified she responded to a "shots fired" dispatch that directed her to a house located at

921 Rivas Street. Officer Olguin said she was familiar with the area, and characterized it as a "high crime area." San Antonio Police Officer John Silva testified he also was dispatched to Rivas Street on a "shots fired" call. Officer Silva said he was familiar with the area and when asked what types of calls he responded to in the neighborhood, he replied:

> Well, that particular area — and I can — I remember one call in particular was an accident call and there was — the individuals that were at that accident scene were pointing toward that particular house, this particular house [appellant's house], saying that it was a drug house.

Defense counsel objected on hearsay grounds. The trial court sustained the objection and instructed the jury to disregard the last statement. The trial court denied defense counsel's request for a mistrial.

On appeal, appellant asserts the trial court erred by denying his motion for mistrial because the officer's testimony that appellant's house was a drug house at some unspecified time in the past was prejudicial extraneous evidence that tempted the jury to find him guilty on the basis of character conformity in violation of Texas Rule of Evidence 404(b)(1). Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1).

However, appellant did not raise a Rule 404(b)(1) objection at trial. He objected only on the basis of hearsay. Therefore, appellant did not preserve his Rule 404(b)(1) complaint for review. *See Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (holding appellant's hearsay and relevancy objections did not address correct evidentiary basis for exclusion of objected-to testimony because appellant should have objected that evidence was offered to prove an extraneous uncharged offense not within permissible scope of 404(b) and was offered to show that appellant was a criminal generally). Accordingly, we address whether the trial court erred by denying

appellant's motion for mistrial on the basis that the jury may have been tainted by the hearsay testimony.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). However, a trial court is required to grant a motion for a mistrial when the improper question is "clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). On appeal, we generally presume the jury follows the trial court's instructions in the manner presented. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). The presumption is refutable, but the appellant must rebut the presumption by pointing to evidence that the jury failed to follow the trial court's instructions. *Id.*

When evaluating the effectiveness of a curative instruction to disregard, we look to "the nature of the [improper comment]; the persistence of the prosecutor; the flagrancy of the violation; the particular instruction given; the weight of the incriminating evidence; and the harm to the accused as measured by the severity of the sentence." *Roberson v. State*, 100 S.W.3d 36, 41 (Tex. App.—Waco 2002, pet. ref'd). Here, there was no indication the State purposefully elicited the hearsay statement that an unknown person at some unknown point in time had pointed to appellant's house as a drug house. Nothing in the hearsay statement indicated appellant lived in the house at the time. None of the allegations against appellant involved his use, possession, or distribution of drugs. The hearsay statement was brief, conveyed very little to the jury, was not further repeated, and was not mentioned by the State in its closing arguments. On this record, we

conclude the trial court's instruction was effective to cure the impermissible testimony; therefore, the trial court did not err by denying appellant's motion for mistrial.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

Do not publish