**AFFIRM; and Opinion Filed October 18, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01328-CR

### GLENN TERRANCE MARTIN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-81681-2016**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Boatright
Opinion by Justice Boatright

A jury found appellant guilty of misdemeanor assault and made an affirmative finding of family violence. The trial court assessed his punishment at 180 days' confinement, probated for eighteen months, and a $100 fine. In two issues, appellant argues (1) the evidence is insufficient to establish that he acted with the requisite mental state, and (2) he was harmed by the prosecutor's improper mention of an extraneous offense in the State's opening remarks. We affirm.

In his first issue, appellant challenges the sufficiency of the evidence supporting his conviction for assault. Specifically, he contends there is no evidence that he injured his former girlfriend, Lauren Ramirez, with any culpable state of mind. A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another person. TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2016). A person acts recklessly with respect to circumstances

surrounding the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. TEX. PENAL CODE ANN. § 6.03(c) (West 2011).

We review appellant's challenge by examining the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). An accused's intent is sometimes proven through circumstantial evidence surrounding the crime. *See, e.g., Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Appellant contends he injured Ramirez by accident. Ramirez testified at trial that she and appellant had a daughter. Their childcare plan provided for Ramirez to care for the child during the morning and afternoon and for appellant to care for her in the evening and overnight while Ramirez worked as a manager of a Wal-Mart store. On the day of the altercation, appellant called Ramirez to report that he would be home late. Ramirez told appellant she would take the child to her brother's house because she had to get to work and because she believed appellant sounded intoxicated; she told appellant he could pick the child up in the morning. Appellant became agitated and telephoned Ramirez "more than ten times" as she drove to work, calling her vulgar names and complaining that he wanted to pick their daughter up then. Appellant drove to the Wal-Mart and confronted Ramirez in her supervisor's office, which is located in an area that he knew was restricted to employees. Ramirez left the office, walked out into the store, and used her phone to call 911. As she tried to talk to the operator and move away from appellant, he followed her closely and continued to call her names and make demands concerning their child. When

Ramirez did not hang up, appellant "charged" at her and tried to grab her phone away. As he "lunged" at her, he pushed her and came away with the cord attached to her walky-talky. He held and yanked the cord, drawing it across Ramirez's arm and burning her. The burn left a scar that Ramirez showed the jury at trial.

We can infer a defendant's culpable mental state from his acts, words, and conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Considering the evidence in the light most favorable to the verdict, it showed the following: appellant initiated the conflict by repeatedly calling Ramirez as she drove to work; he escalated it by arriving at her workplace, following her, and continuing to insult her throughout the store; in this state of anger, he charged at her and pushed her and grabbed at her. We conclude that a reasonable jury could have inferred from the evidence that appellant was aware of, but consciously disregarded, a substantial and unjustifiable risk that he would injure Ramirez by his conduct. TEX. PENAL CODE ANN. § 6.03(c). The State presented sufficient evidence to establish that appellant recklessly caused her injury. We overrule his first issue.

In his second issue, appellant argues he was harmed by the State's reference to an extraneous act during its opening statement. The prosecutor stated:

> And then you'll also hear from Maria Ramirez. And Maria Ramirez is Lauren's mom. She wasn't at that Walmart that night. She wasn't even in the state of Texas that night. What she knows is that at around the same time this assault would have occurred, she gets a phone call from the defendant and the defendant threatens her.

Appellant's counsel objected to the reference to an extraneous offense, stating that it was covered by the court's pretrial order. The trial judge responded that counsel's statement was true and sustained the objection. Counsel then asked for an instruction for the jury to disregard the prosecutor's last statement. The judge complied, explaining to jurors that a statement during argument was not evidence: evidence comes only from the witness stand and documents the

judge admits into evidence. Counsel then asked for a mistrial, but the judge denied the motion. During the trial, outside the presence of the jury, the judge ruled that testimony concerning appellant's threat to Ramirez's mother was not admissible.

Appellant contends that the reference to this threat denied his ability to receive a fair trial. We disagree. Instructions to the jury are sufficient to cure most improprieties that occur during trial, and we presume that a jury will follow the trial court's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Appellant may rebut that presumption by pointing to evidence that the jury failed to follow the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). But appellant has identified no such evidence in this case. Instead, he argues that because the evidence of any culpable mental state was so weak at trial, revelation of this threat prevented his ability to receive a fair trial. We have already concluded that sufficient evidence supports conviction based upon appellant's reckless state of mind. Accordingly, we conclude appellant suffered no harm from any error in the State's opening statement. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

161328F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GLENN TERRANCE MARTIN, Appellant

No. 05-16-01328-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 7, Collin County, Texas
Trial Court Cause No. 007-81681-2016.
Opinion delivered by Justice Boatright.
Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of October, 2017.