

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00254-CR

**JASON ALAN MCCONNELL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 15-03699-CRM-CCL1**

## MEMORANDUM OPINION

Jason McConnell appeals from a conviction for the offense of interference with a 911 call. TEX. PENAL CODE ANN. § 42.062 (West 2011). McConnell complains that the trial court erred by overruling his motion for mistrial due to the State's alleged violations of a motion in limine relating to extraneous conduct. Because we find no reversible error, we affirm the judgment of the trial court.

Prior to the State's questioning of the victim, the State asked the trial court to make a definitive ruling on McConnell's motion in limine regarding extraneous conduct that had allegedly been committed by McConnell against the victim. The trial court granted the motion in limine as to any extraneous conduct that had taken place before the day of the offense.

During the State's questioning of the victim, two alleged violations of the motion in limine occurred. The first took place when the State was asking the victim about the progression of their relationship which lasted for 5-6 months. The State asked the victim whether or not law enforcement had ever been called due to an argument. The witness answered: "Yes. One time a witness called—" and McConnell objected. The trial court sustained the objection. McConnell did not seek further relief from the trial court.

In order to preserve an error for appellate review, it is necessary for an appellant to make "a timely, specific request that the trial court refuses." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Because there was nothing that was requested and refused by the trial court, McConnell's complaint regarding the first violation of the motion in limine is not preserved for our review.

Shortly after this, the State asked the victim: "When [McConnell] got there that approximately half-hour later, did anything happen that caused you concern?" and the victim answered: "Not at the moment, no. He opened the door; but because of prior events, um, I decided to call the cops." The State stopped the witness and McConnell

objected, requested an instruction to disregard, requested that the witness be instructed not to refer to the extraneous conduct prior to the day of the offense, and made a motion for mistrial. The jury was removed from the courtroom so that the trial court could hear arguments of counsel and testimony by the victim. The State questioned the victim about extraneous conduct that had occurred prior to the day of the offense, which included allegations of violent behavior by McConnell toward the victim. McConnell objected to the testimony because he had not been provided notice pursuant to Rule 404(b) prior to trial. McConnell further argued that an instruction would not cure the error from the two violations and contended that a mistrial was necessary. The trial court sustained McConnell's objection to the testimony because the extraneous conduct had not been disclosed by the State prior to trial. The trial court instructed the witness as requested. The trial court also indicated its intent to instruct the jury to disregard the witness's last statement. The trial court denied the motion for mistrial.

When the jury returned into the courtroom, the trial court instructed the jury to disregard the last statement by the witness. McConnell did not object to the instruction as given. No other violations of the motion in limine are alleged to have occurred.

McConnell argues that the trial court erred by denying his motion for mistrial due to the violations of the motion in limine. However, because no error was preserved as to the first alleged error, we do not consider that in our analysis.

A mistrial is appropriate only in "extreme circumstances" for a narrow class of prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Ordinarily, a prompt instruction to disregard is sufficient to cure error associated with an improper question and answer. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). On appeal, we generally presume that the jury followed the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996). This presumption is refutable, but the appellant must rebut the presumption by pointing to evidence in the record indicating that the jury failed to follow the trial court's instructions. *Thrift*, 176 S.W.3d at 224; *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). McConnell has not shown that the jury failed to follow the trial court's instruction. Therefore, we presume the jury did not consider the victim's statement regarding the extraneous conduct. Because of this, the trial court did not err by denying McConnell's motion for mistrial. We overrule McConnell's sole issue.

CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed April 3, 2019
Do not publish
[CR25]

