

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00001-CR

**CHRISTOPHER DWAYNE SIMPSON,**

                                     **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                     **Appellee**

---

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. DC-F201900866

---

## MEMORANDUM OPINION

---

Appellant, Christopher Dwayne Simpson, was convicted of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(c)(2). After finding an enhancement paragraph to be true, the jury sentenced Simpson to twelve years in prison with no fine or restitution. On appeal, Simpson contends that the trial court erred by admitting evidence of two prior convictions for misdemeanor assault causing bodily injury as

impeachment evidence. Because we conclude that Simpson was not harmed by the admission of this evidence, we affirm.

**Analysis**

In his sole issue on appeal, Simpson argues that the trial court erred by admitting evidence of his two prior convictions for misdemeanor assault causing bodily injury. Specifically, Simpson asserts that the evidence should not have been admitted under Texas Rule of Evidence 609 because the State failed to show that these prior convictions were felonies or involved moral turpitude. *See* TEX. R. EVID. 609. The State agrees that the requisites of Rule 609 were not met but contends that any error associated with the admission of the evidence was harmless.

Assuming, without deciding, that the trial court erred by admitting evidence of Simpson's two prior misdemeanor assault convictions, we cannot say that Simpson was harmed. Because admission of evidence is subject to non-constitutional error analysis, we evaluate whether Simpson's substantial rights were affected. TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). A criminal conviction should not be overturned for non-constitutional error if, after examining the record as a whole, this Court has fair assurance that the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In this analysis, we consider "everything in the record, including

any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). We also consider the jury instruction given by the trial court, the State's theory, any defensive theories, closing argument, and even voir dire, if material to Simpson's claim. *Id.*

Considering the record as a whole, we hold that the trial court's purported error in admitting evidence of Simpson's two prior misdemeanor assault convictions did not have a substantial and injurious effect or influence on the jury's verdict. Simpson was only briefly questioned about the convictions, and he testified that he did not remember those convictions. No other evidence was introduced regarding these convictions. Further, after Simpson volunteered that he had a prior conviction for aggravated robbery for which he served five years in prison, the State questioned Simpson about his prior convictions for possession of a controlled substance in 2013, retaliation against a witness in 2016, indecent exposure in 2018, and theft in 2019. Simpson could not recall several of his prior convictions, but he did admit to serving time in prison for the indecent-exposure, theft, and possession-of-a-controlled-substance convictions. The State used Simpson's prior convictions to rebut Simpson's insanity defense. This was highlighted when the State asked Simpson if he had been found criminally insane in any of his prior criminal cases, and Simpson responded that he had not and that he knows what he is

doing. Additionally, the prosecutor did not emphasize Simpson's two prior misdemeanor assault convictions, and immediately at the conclusion of Simpson's testimony, the trial judge provided an extraneous-offense instruction prohibiting the jury from considering any of Simpson's prior convictions for any purpose.[1] *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005) (noting that we presume that the jury followed the trial court's instructions).

Moreover, the evidence against Simpson included testimony that Simpson entered a residence that he previously owned, but had been foreclosed on by the bank and re-purchased by someone else, and stole a bicycle belonging to the homeowner's special-needs son. Despite alleging that he owned the house and the bicycle, Simpson acknowledged that he entered the residence through the front window. Documents admitted at trial established that Simpson did not own the residence at the time of the incident, and the homeowner indicated that he did not know Simpson and that Simpson

---

[1] The trial court's extraneous-offense instruction provided the following:

Okay. Ladies and gentlemen of the Jury, at this time the Court will read to you the following instruction: The State has introduced evidence of extraneous matters other than the one charged in this indictment. You are instructed that said evidence was admitted only for the purpose of showing intent, motive, plan, purpose, scheme, design, or preparation, if any, and for no other purpose. You are further charged that if there is any evidence before you in this case tending to show that the Defendant committed the extraneous transactions, you cannot consider said evidence for any purpose unless you first find and believe beyond a reasonable doubt that the Defendant committed said extraneous transactions. If you find and believe beyond a reasonable doubt from such evidence that the Defendant committed the extraneous transactions, you may then consider the same for the purpose for which it was introduced, namely, as evidence of intent, motive, plan, purpose, scheme, design, or preparation. . . .

did not have the consent of the homeowner to enter the residence and take any property.

Given the above, it is not apparent from the record that the jury placed any measurable significance on Simpson's two prior misdemeanor assault convictions. Accordingly, we conclude that the trial court's purported error was harmless. We overrule Simpson's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Affirmed
Opinion delivered and filed November 30, 2022
Do not publish
[CR25]

