PD-0205-15

PD-0205-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/20/2015 9:03:12 AM
Accepted 2/25/2015 10:35:39 AM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

**GUILLERMO GAMEZ**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

Petition is in Cause No. 1289672D from the
371st Criminal District Court of Tarrant County, Texas,
and Cause No. 08-13-000133-CR in the
Court of Appeals for the Eighth District of Texas

**PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

February 25, 2015

ABEL ACOSTA, CLERK

Kimberley Campbell
TBN: 03712020
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Guillermo Gamez

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

Petitioner:                            Guillermo Gamez

Petitioner's Trial Counsel:      Hon. J. Steven Bush
TBN: 03496200
Attorney at Law
314 Main Street, St. 200
Fort Worth, Texas 76196

Petitioner's Counsel
on Appeal:                       Hon. David Richards
TBN: 16845500
Attorney at Law
3001 West 5th St., Ste. 800
Fort Worth, TX 76107

Appellee:                             The State of Texas

Appellee's Trial Counsel:       Hon. Athur Clayton
TBN: 24007007
District Attorney's Office
401 W. Belknap
Fort Worth, Texas 76196

Appellee's Counsel
on Appeal:                       Hon. Charles Mallin
TBN: 12867400
Hon. Sharon Johnson
TBN: 10791400
District Attorney's Office
401 W. Belknap Street
Fort Worth, Texas  76196

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    The Court of Appeals erred when it held the prosecutor's improper jury
      argument was harmless. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

      A.    *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    *Opinion Below*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      C.    *Harm*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

      D.    *Discussion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

*Cases*                                                                                          *page*

*Burd v. State*,
     404 S.W.3d 64 (Tex. App.–Houston [1st Dist.] 2013, no pet.). . . . . . . . . . . . . . .6

*Freeman v. State*,
     340 S.W.3d 717 (Tex. Crim. App. 2011),
         *cert. denied,* 132 S.Ct. 1099 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 6

*Gamez v. State*,
     No. 08-13-00133-CR, 2015 WL 268999 (Tex. App.–
       El Paso, January 25, 2015, no. pet. h.)
         (mem. op., not designated for publication). . . . . . . . . . . . . 1, 4, 6

*Martinez v. State,*
     17 S.W.3d 677 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 5, 6

*Statutes*

Tex. Penal Code Ann. § 9.31(a) (West 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Tex. Penal Code Ann. § 9.31(b)(5)(A) (West 2011). . . . . . . . . . . . . . . . . . . . . . . . . 6

*Court Rules*

Tex. R. App. P. 44.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

Petitioner, Guillermo Gamez ("Petitioner" or "Mr. Gamez"), was indicted on one count of aggravated assault on August 16, 2012. (C.R. 5). Mr. Gamez was convicted of the charged offense by the jury on March 1, 2013, and sentenced to 14 years incarceration in the Texas Department of Criminal Justice. (C.R. 67). The Court certified Mr. Gamez' right to appeal. (C.R. 72). Petitioner filed a timely notice of appeal on March 28, 2013. (C.R. 73).

## STATEMENT OF PROCEDURAL HISTORY

The opinion by the Eighth Court of Appeals affirming Mr. Gamez' conviction was handed down on January 21, 2015. *See Gamez v. State*, No. 08-13-00133-CR, 2015 WL 268999 (Tex. App.–El Paso, January 25, 2015, no. pet. h.) (mem. op., not designated for publication). This timely Petition for Discretionary review ensued.

1

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

**I.     The Court of Appeals erred when it held the prosecutor's improper jury argument was harmless.**

## REASONS FOR REVIEW

1.     The decision by the Eighth Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals.

2.     The Eighth Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## ARGUMENT

## GROUND FOR REVIEW ONE (Restated)

**I.     The Court of Appeals erred when it held the prosecutor's improper jury argument was harmless.**

Because this petition is predicated upon error by the Eighth Court of Appeals in its review of Mr. Gamez' complaint on appeal, a review of the evidence presented and events which transpired below is in order.

### A.     *Facts*

Gloria Martinez is the mother of two children fathered by Mr. Gamez, but was

2

in a relationship with the complainant, Oscar Alvarez. (IV R.R. 9). Alvarez suffered stab wounds from an incident that occurred at his apartment on the night of July 14, 2012. (IV R.R. 11). The State's theory of the case was that, motivated by jealousy over the fact that Ms. Martinez was visiting Alvarez, in what seemed to be a romantic encounter. (IV R.R. 13). Toward that end, the State introduced evidence that Mr. Gamez attacked Alvarez with a knife, causing his injuries. Various witnesses placed Mr. Gamez at the scene. (III R.R. 18; IV R.R. 9). The defensive theory, ultimately rejected by the jury, was that Mr. Alvarez suffered wounds inflicted by Mr. Gamez, who was only acting in self-defense. (V R.R. 17).

In closing argument, the state addressed Mr. Gamez' claim of self-defense, stating:

> First of all is self-defense.  You have to ask yourself when and to  the degree the Defendant reasonably believes force is immediately necessary. . . .
>
> He could  not  reasonably believe that  force was  immediately necessary, because  he  went  into  that  apartment  with  his  knife  out  with  the  blade exposed just like Gloria told you. *She told the police that in her statement that night, that he came in with a knife.  That's not something that was brought up and made up to come in here to court to tell you good people.*
>
> Mr. Bush: No, Your Honor, but I think it is outside the  evidence because the officer never received what she said.
>
> Mr. Clayton: Your  Honor, that  came up  in cross-examination by defense counsel.
>
> The Court: Overruled,  if  that  was  an  objection. [Emphasis added].

(V R.R. 17).

**B.** *Opinion Below*

In its Opinion, the Eighth Court of Appeals acknowledged that the trial court erred in overruling Mr. Gamez' objection, as Gloria had never testified that she had informed the police that Mr. Gamez had displayed a knife upon entering the apartment. *See Gamez*, 2015 WL 268999 at *4. The Court also correctly recognized that there was no such evidence in the record from any other source. *Id*. However, the Court then went on to find the error harmless. *Id*.

**C.** *Harm Analysis*

A prosecutor may not present evidence that is outside the record during closing argument. *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011), *cert. denied,* 132 S.Ct. 1099 (2012). Reference to facts that are neither in evidence nor inferable from the evidence are generally designed to arouse the passion and prejudice of the jury and, as such, is inappropriate. *Id.* Error arising from improperly interjecting evidence outside the record during closing argument is generally non-constitutional in nature. *Id*. When non-constitutional error does not affect substantial rights of the defendant, we must disregard it. TEX. R. APP. P. 44.2(b); *Freeman*, 340 S.W.3d at 728; *Martinez v. State,* 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000). In determining whether an appellant's substantial rights were affected, courts must balance the severity of the misconduct (*i.e.,* the prejudicial effect), any curative measures taken, and the certainty of conviction absent the misconduct. *Freeman*, 340

4

S.W.3d at 728; *Martinez,* 17 S.W.3d at 692–93.

**D.    *Discussion***

Here, the argument presented by the prosecutor served to bolster the testimony of Gloria while at the same time devastating Mr. Gamez' testimony that the injuries to the complainant took place as a result of self-defense. The court of appeals completely failed to address in any way the impact of Gloria's now-bolstered testimony on Mr. Gamez' self-defensive theory. In fact, the same prosecutor emphasized that impact on the self-defense argument when he argued to the jury that "He [Mr. Gamez] could not reasonably believe that  force was immediately necessary, because he went into that apartment with  his knife out with the blade exposed just  like Gloria told you. *She told the  police  that in her statement that night, that he came in with a knife.*" (V R.R. 22).

Self-defense was a critical theory of this case. The charge itself contained a self-defense instruction. (C.R. 49-53). Texas law provides that a person is justified in using force against another "when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2011). However, the Texas Penal Code qualifies this defense. It states that the use of force against another is not justified "if the actor sought an explanation from or discussion with the other person concerning the actor's differences with the other person while

5

the actor was carrying a weapon in violation of Section 46.02." TEX. PENAL CODE ANN. § 9.31(b)(5)(A) (West 2011). Gamez never denied that he was carrying a knife or that he caused the injuries to complainant. *See Gamez*, 2015 WL 268999 at *4. Rather, his entire defensive theory revolved around self-defense, which is rendered almost unbelievable in the minds of the jury were it believed that he appeared at the apartment with the knife already drawn. An argument that unfairly bolstered Gloria's testimony by explicitly stating that she had told the police such a fact on the night of the stabbing reduced Mr. Gamez' theory of self-defense to smoldering ash. Thus, is it far from certain that the jury would have rejected Mr. Gamez' self-defense argument without the improper and unfairly prejudicial argument. *See Freeman*, 340 S.W.3d at 728; *see also Burd v. State*, 404 S.W.3d 64, 74–75 (Tex. App.–Houston [1st Dist.] 2013, no pet.). Because Mr. Gamez' substantial rights were affected by the illegal argument by the state, the court of appeals should have reversed the trial court's verdict. *See Martinez,* 17 S.W.3d at 692–93.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Eighth Court of Appeals and remand to the trial court for new trial.

Respectfully submitted,

/s/Kimberley Campbell
Kimberly Campbell
TBN: 03712020
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Guillermo Gamez

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 1,876.

/s/Kimberley Campbell
Kimberly Campbell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 6th day of March , 2015.

/s/Kimberley Campbell
Kimberly Campbell

7

## APPENDIX

1. Opinion of the Eighth Court of Appeals



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GUILLERMO GAMEZ, | § | No. 08-13-00133-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 371st District Court |
| THE STATE OF TEXAS, | § | |
| | § | of Tarrant County, Texas |
| Appellee. | § | |
| | § | (TC# 1289672D) |
| | § | |

**O P I N I O N**

Appellant Guillermo Gamez was found guilty of the aggravated assault of Oscar Alvarez with a knife and sentenced to 14 years' confinement.[1] On appeal, Appellant contends the trial court abused its discretion in denying his motion for mistrial arising from the admission of hearsay testimony (Issue One) and in denying his objection to the State's improper jury argument (Issue Two). We conclude the trial court's instruction to disregard cured any potential harm arising from the witness's hearsay testimony, and that the improper jury argument was de minimis and did not affect Appellant's substantial rights. We therefore affirm.

**BACKGROUND**

At one time, Appellant lived with Gloria Martinez, and they had two daughters. But, in

---

[1] This case was transferred from our sister court in Fort Worth, and we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

October 2011, Appellant and Gloria separated. Within six months, Gloria began dating Oscar Alvarez. The evening of July 13, 2012, Appellant, who had recently returned to town, ended up sleeping outside on the porch to Gloria's apartment in an attempt to see his two daughters. In the early morning hours of July 14, 2012, Gloria slipped away and went to Oscar's apartment. Later, while Oscar was sleeping in his bedroom and Gloria was in the bathroom, Appellant knocked down the door and burst into Oscar's apartment. Appellant ran into the bathroom, and Gloria saw that he was holding a knife with the blade exposed. Gloria attempted to block Appellant from entering the bedroom where Oscar was sleeping. In the commotion, Oscar woke up and hid in the bedroom closet. Appellant, however, discovered Oscar hiding in the closet. Avoiding Appellant's grasp, Oscar escaped from the closet and ran out of the apartment. Appellant pursued, and once outside, caught Oscar and stabbed him multiple times.

## DISCUSSION

### Hearsay Objection and Motion for Mistrial

In the guilt-innocence phase of trial, the State examined Oscar about the severity of his stab wounds. During that exchange, Oscar testified, without prompting, that everybody had told him he was lucky to be alive. Appellant lodged a hearsay objection, requested an instruction to disregard, and moved for mistrial:

> Q: Did Guillermo Gamez stab you several times?
> A: Yes.
>
> Q: Do you believe you could have died that night from what he did
> to you:
> A: Yes.
>
> Q: Do you feel lucky to have lived?
> A: Yes. *Everybody has told me so.*

2

Mr. Bush:   Objection, hearsay, Your Honor.
The Court:   Sustained.
Mr. Bush:   Ask the jury to be instructed to disregard the answer.
The Court:   The jury will disregard the last part of the answer of the witness.
Mr. Bush:   Move for a mistrial.
The Court:   Denied.

In Issue One, Appellant contends a mistrial was required because the trial court's instruction to disregard was insufficient to attenuate the harm of the testimony. Appellant characterizes the testimony as so "extreme" it could have led the jurors to conclude that Oscar's injuries were life threatening and thus "used the severity of the injuries as a circumstance against [him]."

*Standard of Review*

A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex.Crim.App. 2009). We review the denial of a mistrial for an abuse of discretion. *Id.* We must uphold the ruling if it was within the zone of reasonable disagreement. *Id.* In determining whether a trial court abused its discretion by denying a mistrial, we balance three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect); (2) the effectiveness of the curative measures taken; and (3) the certainty of conviction or the punishment assessed absent the misconduct. *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App. 2004); *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App. 1998), *cert. denied*, 526 U.S. 1070 (1999).

*Analysis*

The trial court is required to grant a motion for a mistrial only when the improper question is "clearly prejudicial to the defendant and is of such character as to suggest the impossibility of

3

withdrawing the impression produced on the minds of the jurors." *Simpson v. State*, 119 S.W.3d 262, 272 (Tex.Crim.App. 2003), *cert. denied*, 542 U.S. 905 (2004) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000)). The Court of Criminal Appeals has instructed that "[o]rdinarily, a prompt instruction to disregard will cure error associated with an improper question and answer[.]" *Ovalle v. State,* 13 S.W.3d 774, 783 (Tex.Crim.App. 2000). Further, on appeal, we generally presume the jury follows the trial court's instructions in the manner presented. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex.Crim.App. 2005).

Having reviewed the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion in denying Appellant's motion for mistrial. Oscar's hearsay testimony was unsolicited and minimal, and was not so extreme or manifestly improper that an instruction to disregard could not cure any possible prejudicial effect. Without objection, the State asked Oscar whether he believed he could have died from the stab wounds and whether he felt lucky to be alive. To each of these questions, Oscar answered "Yes," without objection. Further, the State's question to Oscar whether he felt lucky to have lived, did not seek a hearsay answer, and Oscar's answer added little if anything to the other ample evidence before the jury regarding the severity of his injuries. The evidence admitted for the jury's consideration included photographs of Oscar and his injuries. Witnesses described Oscar's stab wounds as emitting blood "like a water hose [had] burst" and in "jets," and described his intestines as protruding from his abdominal wound. Oscar testified that the stab wounds to his arm and abdomen were deep, that two surgeries were required to repair his wounds, and that he continued to experience weakness in one arm and the loss of movement of several fingers. Oscar displayed

4

to the jury the scars resulting from the wounds Appellant inflicted upon his stomach, back, and arm.

Moreover, the evidence of Appellant's guilt was strong. Oscar testified that he had been dating Gloria Martinez. On the night of July 14, 2012, Gloria was with Oscar at his apartment. Oscar stated that he awoke to a loud noise and ran to hide in the closet, and when he exited, he saw Gloria blocking Appellant at the bedroom door. Appellant threw Gloria down, and Oscar ran from the apartment. Once outside, Appellant pursued Oscar and attacked him. Oscar showed the jury how he tried to cover himself and attempted to block Appellant's blows, and then noticed blood coming from multiple areas of his body. It was then that Oscar realized Appellant had not struck him with his fists but with a knife. Oscar did not have a weapon to protect himself during the assault. Oscar retreated to his apartment to get his car keys in order to escape and grabbed a sword from the wall to protect himself. He then unsuccessfully attempted to drive himself to the hospital. Detective R.G. Westbrook testified the stab wounds Oscar suffered were sufficiently severe to constitute serious bodily injury.

Appellant testified as well. He admitted that he arrived at Oscar's apartment at 5 a.m. and when no one answered the door, he "exploded" and broke down the apartment door. He admitted that he had a knife and testified that "when [he] pushed the door[,] the same impulse took [him] in" and at that moment he "went in running trying to hurt somebody or trying to do something to [Oscar]." Appellant saw Oscar escaping out of the closet, admitted that Oscar did not have a weapon as they fought, and testified that he believed he had used the knife to cut Oscar, but only out of fear because he heard Oscar yelling for someone to pull out a gun. In later testimony, Appellant denied that he had stabbed Oscar but stated: "I'm not saying that I didn't stab him.

5

What I'm saying is that I didn't grab the knife and [go] over [to] him and stab him, because if I would have done that, he would have [ended] up with many wounds all over his stomach and his chest."

We conclude the severity of the misconduct and any prejudicial effect was minimal at best, and that the instruction to disregard was effective in dissipating any prejudicial effect. The State did not solicit the hearsay testimony, the testimony was slight, and there was ample other evidence supporting the severity of Oscar's wounds. Also, there is no doubt of the certainty of Appellant's conviction event absent the minimal hearsay testimony. The facts of the aggressive attack on Oscar are essentially uncontroverted, and Appellant's confusing and inconsistent testimony supporting his claim of self-defense was weak and lacking credibility. Having viewed the evidence in the light most favorable to the trial court's ruling, and having balanced the factors to determine whether the trial court abused its discretion, we conclude the trial court's denial of Appellant's motion for mistrial was within the zone of reasonable disagreement and did not constitute an abuse of discretion. Issue One is overruled.

**Improper Jury Argument**

In Issue Two, Appellant contends the trial court erred by overruling his objection to one assertion in the State's closing argument in the guilt-innocence phase of trial. In addressing Appellant's claim of self-defense, the State argued:

> First of all is self-defense. You have to ask yourself when and to the degree the Defendant reasonably believes force is immediately necessary. …
>
> He could not reasonably believe that force was immediately necessary, because he went into that apartment with his knife out with the blade exposed just like Gloria told you. *She told the police that in her statement that night, that he came in with a knife. That's*

6

*not something that was brought up and made up to come in here to court to tell you good people.*

Mr. Bush: No, Your Honor, but I think it is outside the evidence because the officer never received what she said.

Mr. Clayton: Your Honor, that came up in cross-examination by defense counsel.

The Court: Overruled, if that was an objection. [Emphasis added].

## *Standard of Review*

A prosecutor may not present evidence that is outside the record during closing argument. *Freeman v. State*, 340 S.W.3d 717, 728 (Tex.Crim.App. 2011), *cert. denied,* 132 S.Ct. 1099 (2012). Reference to facts that are neither in evidence nor inferable from the evidence are generally designed to arouse the passion and prejudice of the jury and, as such, is inappropriate. *Id.* Error arising from improperly interjecting evidence outside the record during closing argument is generally non-constitutional in nature. *Id.* When non-constitutional error does not affect substantial rights of the defendant, we must disregard it. TEX. R. APP. P. 44.2(b); *Freeman*, 340 S.W.3d at 728; *Martinez v. State,* 17 S.W.3d 677, 692–93 (Tex.Crim.App. 2000). In determining whether an appellant's substantial rights were affected, we utilize the same factors we balanced in Appellant's first issue: the severity of the misconduct (*i.e.,* the prejudicial effect), any curative measures taken, and the certainty of conviction absent the misconduct. *Freeman*, 340 S.W.3d at 728; *Martinez,* 17 S.W.3d at 692–93.

## *Analysis*

Appellant does not contend the State improperly asserted that he "went into that apartment with his knife out with the blade exposed just like Gloria told you." Indeed, Gloria testified that when Appellant ran into the bathroom, she saw that he was holding a knife with the blade exposed.

7

Instead, Appellant complains only about the State's argument that Gloria "told the police that in her statement that night, that he came in with a knife." The State concedes the trial court erred when it overruled Appellant's objection because Gloria did not testify that she had informed the police that Appellant had displayed a knife upon entering Oscar's apartment. And, we find no such evidence in the record. However, the State, although it concedes error, contends the improper argument was harmless because it did not affect Appellant's substantial rights. We agree the error was harmless.

Although the trial court overruled Appellant's objection and therefore gave no curative instruction, the record shows that the State's comments were but a small portion of the State's entire closing argument, and that the State did not repeat or emphasize its comments. Further, there was no real dispute that Appellant possessed a knife when he broke into Oscar's apartment. Gloria testified that Appellant was holding a knife with an exposed blade when he encountered her at the bathroom. We recognize it can be argued that the State's argument improperly emphasized Gloria's credibility. But her credibility on this issue was not crucial to the conviction because Appellant admitted that he had a knife when he forced his way into Oscar's apartment, and the record is clear that he used that knife to attack Oscar. In light of this evidence, the prejudicial effect of the State's improper argument is minimal at best. Given the brevity of the prosecutor's comments, the lack of prejudice, and the certainty of Appellant's conviction, as we examined in Issue One, we conclude that any error associated with the State's improper argument did not affect Appellant's substantial rights and must be disregarded. Issue Two is overruled.

**CONCLUSION**

The trial court's judgment is affirmed.

STEVEN L. HUGHES, Justice

January 21, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

9