

**NUMBER 13-18-00012-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

SAMUEL LEAL,                                                                         Appellant,

v.

THE STATE OF TEXAS,                                                                   Appellee.

**On appeal from the 319th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION
**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant Samuel Leal appeals from his conviction for aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2017 1st C.S.). In a single issue, Leal complains that the trial court should have granted a mistrial after a police detective testified during trial that he was investigating a series of robberies. We affirm.

## I. BACKGROUND

Leal was indicted for aggravated robbery. *See id.* The indictment included an allegation that Leal was a habitual felony offender and had previously been convicted of two previous aggravated robberies in Nueces County in 2003 and in 2008. *See id.* § 12.42(d).

Cornelius Robinson testified at trial that he was robbed of his wallet and personal papers at knife-point on March 6, 2016. He testified that he left work at his refinery security job and was driving along Leopard Street in the predawn hours of March 6, 2016. He was looking for his friend Lucy Siller, so he could return her birth certificate card. According to Robinson, Lucy[1] had given the card to him as collateral for a loan of $40 several years earlier. Robinson had been looking for Lucy for several months to return her card. He thought he had seen her on this portion of Leopard Street within the past few months, but he did not have her card with him at the time. Robinson saw a woman who looked like Lucy near the La Siesta Motel on Leopard. Robinson pulled into the parking lot to talk to the woman and discovered she was not Lucy. When asked whether she knew Lucy, the woman, whose name was Destiny Rodriguez, said she did and offered to get in touch with Lucy for Robinson. Robinson testified that he followed Destiny[2] into her room at the motel. There was a man in the room, lying on the bed who paid no attention to Robinson. Robinson followed Destiny into a second room, and within a few minutes another man entered. The second man asked Robinson if he had any money. According to Robinson, he told the man he had five dollars. The man aggressively asked Robinson if he had more

---

[1] We refer to Lucy Siller the way the witnesses at trial did, by her first name.

[2] We similarly refer to Destiny Rodriguez the way the witnesses at trial did, by her first name.

2

money, pulled out a pocket knife with a four-inch blade, and held the blade close to Robinson's chest and neck; the man roughly searched Robinson's pockets. Although the incident was brief, no more than five to seven minutes long, Robinson feared that the man would stab him. Robinson explained that the man allowed Robinson to leave on the condition that Robinson bring back $100 to trade for his wallet, notebook, and credit cards.

Robinson testified that he drove to another motel where he stopped and telephoned his bank to cancel his credit and debit cards and then called the Corpus Christi Police Department (CCPD) to report that he had been robbed. Officers responded, and later Robinson met with a detective.

Detective Augustine Maldonado of the CCPD testified at trial regarding his investigation into the aggravated robbery of Robinson. He first became involved because he "was investigating a series of robberies." Defense counsel began to object but instead asked for a bench conference. The trial court immediately instructed the jury to disregard the statement by Detective Maldonado and then denied counsel's subsequent motion for mistrial.[3] The detective continued his testimony describing the investigation he conducted which included obtaining a video statement by Robinson. In addition, Detective Maldonado prepared photo arrays for Robinson's review. From these arrays, Robinson identified photographs of Destiny Rodriguez and Samuel Leal. CCPD videotaped the interview and Robinson's identification of Leal during the photo arrays. Portions of the recording were shown to the jury. Detective Maldonado testified that he prepared the

---

[3] The trial court told the jury, "You-all will disregard the last answer to the question." Counsel then requested a mistrial after the instruction and during a subsequent bench conference, "And, Your Honor . . . to this witness's mention of this, I'm going to ask the Court to find that the jury has been prejudiced by this remark of other robberies and I'm going to have to move for a mistrial."

affidavit for Leal's arrest after Robinson's identification. Leal was arrested on June 10, 2016, on three separate warrants for aggravated robbery.

The trial court admitted into evidence recordings of portions of Leal's telephone calls from jail to a woman believed to be his mother. Leal urged the woman to get in touch with Destiny and tell her to stay away from her house, her mother's house, and just lay low until after the trial. He emphasized to his mother that she should make sure to let Destiny know the investigator looking for Destiny was driving an unmarked car. Leal further emphasized that if Destiny did not appear, the only witness Leal had to worry about was "this black dude," by which he meant Robinson.

Monica Lewis, an investigator for the Nueces County district attorney's office, testified at trial that she served a subpoena on Destiny, but she did not appear for trial. The trial court issued a writ of attachment for her as a material witness against Leal. Investigator Lewis was not able to find Destiny before trial to serve the writ. Her state-issued vehicle is an unmarked car.

The jury convicted Leal of aggravated robbery. Leal elected to have punishment by the trial court. Before the subsequent punishment hearing, the State and Leal reached a plea agreement as to the other two pending indictments and as to his sentence. In exchange for Leal's plea of no contest to the remaining two cases, and his pleas of true to the enhancements, the State agreed to recommend a thirty-five-year sentence of imprisonment for each case to run concurrently and to recommend that Leal retained his right to appeal in this case. The State asked the trial court to make an affirmative deadly weapon finding in this case, which the trial court did. The trial court accepted the parties's agreement and sentenced Leal accordingly. This appeal ensued.

4

## II. MOTION FOR MISTRIAL

Leal's sole issue on appeal is that the trial court denied his motion for mistrial after Detective Maldonado testified he was investigating a string of armed robberies.

### A.     Standard of Review

We review a trial court's ruling on a motion for mistrial for an abuse-of-discretion. We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement.  *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  We do not substitute our judgment for that of the trial court but rather decide whether the trial court's decision was arbitrary or unreasonable.  Thus, a trial court abuses its discretion in denying a motion for mistrial only when no reasonable view of the record could support the trial court's ruling.  *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

A mistrial is the appropriate remedy when the objectionable event is so emotionally inflammatory that a curative instruction is unlikely to prevent the jury from being unfairly prejudiced against the defendant.  *Young v. State*, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004).[4]

---

[4] In *Young v. State*, a prosecution for sexual abuse of a child, a prospective juror was questioned during voir dire and stated her opinion that in twenty-five years of working in child welfare, a child who makes an accusation is generally telling the truth.  137 S.W.3d 65, 71 (Tex. Crim. App. 2004).  The trial court denied the defense motion for mistrial.  *Id.*  The court of appeals reversed, holding that an instruction could not cure the prejudicial effect on the defendant's rights.  *Id.*  However, the court of criminal appeals reversed after finding that an instruction that the defendant did not request, could have cured any prejudicial effect.  *Id.*

**B. Discussion**

During the second day of trial, Detective Maldonado was asked why he was tasked with this case and he responded, "I was investigating a series of robberies." Counsel objected, and the trial court immediately instructed the jury to disregard. Counsel moved for a mistrial which the trial court denied. No further mention of other robberies occurred during the three-day trial. Leal argues that this evidence was harmful because the only evidence of robbery in the record came from Robinson. Leal argues further that the evidence in this case was not so strong that he would have been convicted without these seven words.

We disagree. Robinson's testimony was clear, direct, and consistent. In addition, the jury had Leal's own words instructing his mother to keep a witness away from trial so that Robinson would be the only witness. The detective's words did not implicate Leal in the other robberies and constituted only a minute or two out of a three-day trial. In addition, the jury received an immediate instruction to disregard.

"On appeal, we generally presume the jury follows the trial court's instructions in the manner presented. The presumption is refutable, but the appellant must rebut the presumption by pointing to evidence that the jury failed to follow the trial court's instructions." *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005) (presuming the jury followed the trial court's instruction to limit its consideration of nude photographs of young men to one of several charged offenses); *Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011) (holding that the trial court's instruction to the prosecutor that he could not continue his line of argument and instructing the jury to disregard the argument because it was an improper comment on the defendant's failure to testify was sufficient);

6

*Waldo v. State*, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). Leal points to nothing in the record to indicate that the jury disregarded the trial court's instruction. We overrule Leal's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
9th day of August, 2018.