

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00363-CR

Anthony **SALINAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR10247
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: March 13, 2023

AFFIRMED

Appellant Anthony Salinas was charged with violating a condition of bond set in a family violence case and related to the safety of the victim. The jury found him guilty, and he was sentenced in accordance with the verdict. On appeal, he argues his trial counsel provided ineffective assistance by failing to object to inadmissible evidence of Salinas's prior convictions. Because Salinas failed to meet his burden to show the evidence was inadmissible and therefore his counsel was ineffective, we affirm the trial court's judgment.

## BACKGROUND

Anthony Salinas and Denise Valdez had a dating relationship beginning in about 2005. In the first two years of their relationship, they had two daughters together, but they separated. Since then, Salinas was twice convicted of assaulting Valdez.

**A.      Cause Number 2008-CR-7919**

In 2009, Salinas was convicted of striking Valdez with a baseball bat. He was sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID) for 102 months.

**B.      Cause Number 2014-CR-5692**

In 2014, Salinas pled guilty or nolo contendere to again assaulting Valdez, and he was sentenced to confinement in TDCJ-ID for two years.

**C.      Cause Number 2020-CR-5977**

In August 2018, in cause number 2018-CI-12194, the trial court issued a protective order preventing Salinas from electronically communicating with Valdez or going near her residence. *See* TEX. FAM. CODE ANN. § 85.006 (protective order).

In March 2020, Salinas violated the protective order by entering Valdez's home and pointing a gun at her.

On May 7, 2020, in cause number CM 070892, Salinas was arrested for violating the protective order and a condition of his release on bond to not communicate directly or indirectly with Valdez.

**D.      Cause Number 2021-CR-10247**

In its November 2021 true bill of indictment in this case, the State alleged that Salinas violated a condition of his bond set in a family violence case, cause number CM 070892, by

assaulting Valdez on August 14, 2021. The indictment alleged Salinas entered Valdez's home without her consent and struck her with a cord and a wire.

Salinas requested a jury, and the case was set for trial.

**E.      Voir Dire**

During voir dire, Salinas's counsel shared a story about how his daughter had lied to him, and she told him he could not prove it. Shortly thereafter, he asked the venire a question: If there was just one witness in a case, how could they tell if the person was lying? Counsel also asked the venire if they were "familiar with the concept of hammering a shield into a sword" and how they would feel if a witness "created family violence into a sword."

The jurors were selected, and the trial was set to begin the next day.

**F.      Pretrial Matters**

In a pretrial discussion at the bench, the State advised the trial court it intended to introduce four exhibits documenting two of Salinas's prior convictions for assaulting Valdez. Its stated purpose for the exhibits was to show the relationship between Salinas and Valdez and to help the jurors understand her testimony "and why she might have a certain flat affect regarding this."

*1.      State's Exhibit 1*

State's Exhibit 1 was from cause CM 070892; it was a May 2, 2020 magistrate warning for Salinas with this text: "VIOL BOND/PROT ORDER – 2 PRIORS." Salinas's counsel objected to State's Exhibit 1, but the trial court did not rule on the objection; it informed counsel that "you can make your objection at the time that the State offers Exhibit No. 1."

*2.      State's Exhibit 2*

State's Exhibit 2 was a June 2020 true bill of indictment in cause number 2020-CR-5977 alleging Salinas violated a protective order by entering Valdez's house and pointing a gun at her. On the line specifying the charge, it showed this text: "VIOL BOND/PROT ORDER – 2 PRIORS."

The trial court directed that the words "habitual offender" be removed from the exhibit, and it was later admitted as State's Exhibit 2R.

### 3.      *State's Exhibit 3*

State's Exhibit 3 included Salinas's indictment and conviction in cause number 2008-CR-7919 for aggravated assault with a deadly weapon. In that cause, Salinas was charged with, and convicted of, striking Valdez with a baseball bat.

### 4.      *State's Exhibit 4*

State's Exhibit 4 included Salinas's indictment and conviction in cause number 2014-CR-5692 for assault, family violence, second offense. In that cause, Salinas was charged with, and convicted of, striking Valdez with his hand.

Referring to State's Exhibits 3 and 4, Salinas's counsel remarked that "[t]hey're statutory-based, and I don't have any objection to [them]."

## G.     Trial

At trial, the State offered its Exhibits 1, 2R, 3, and 4;[1] Salinas's counsel responded: "No objection not previously ruled on." *See generally* TEX. R. APP. P. 33.1(a) (preserving a complaint).

### 1.      *Valdez's Testimony*

When Valdez was called, she testified about her previous dating relationship with Salinas and their interactions. Because he had assaulted her in 2005 or 2006, Salinas had a bond condition in place since 2007 which prohibited him from communicating with her directly or indirectly. In 2009, he was convicted of hitting her with a baseball bat, and he has been to prison twice for assaulting her. On cross examination Valdez testified that on August 14, 2021, she had gone to a

---

[1] Our references to State's Exhibits 1–4 refer to State's Exhibits 1, 2R, 3, and 4.

restaurant where Salinas was located, met him, and then drove his truck to her home. A second defense witness corroborated this account.

### 2. Salinas's Defensive Theory

As Salinas's counsel previewed in voir dire, Salinas's defensive theory was that Valdez fabricated the assault or she struck herself to implicate Salinas. While cross-examining Valdez, Salinas's counsel drew out inconsistencies in her testimony. Without explaining why, he also asked Valdez to touch each of her shoulders with the opposite hand. She did, which could have suggested to the jury that Valdez whipped herself.

### 3. State's Closing Argument

In its closing, the State argued that the central question was whether Salinas struck Valdez. It noted the consistency between Valdez's testimony that Salinas struck her and her 911 call describing the incident, the responding officer's report of injuries on Valdez's back, and the photographs showing her injuries.

### 4. Salinas's Closing Argument

In Salinas's closing, his trial counsel argued that Valdez repeatedly changed her testimony, and she caused the injuries herself.

### 5. Jury Verdict; Sentence

The jury found Salinas guilty, and it assessed his punishment as confinement for thirty-three years in TDCJ-ID. The trial court sentenced Salinas in accordance with the verdicts.

## SALINAS'S ARGUMENTS

On appeal, Salinas asks this court to reverse his conviction and order a new trial because he received ineffective assistance from his trial counsel. Salinas presents his ineffective assistance of counsel arguments in three interrelated issues.

First, trial counsel's performance was objectively deficient because counsel failed to object to the admission of State's Exhibits 1–4 that showed Salinas had been twice convicted for assaulting Valdez.

Second, he was prejudiced by the admission of State's Exhibits 1–4 because if that evidence had not been admitted, there is a reasonable probability that the jury would have reached a different verdict or assessed a lesser punishment.

Third, the information in State's Exhibits 1–4 about Salinas's prior convictions for assaulting Valdez was inadmissible character evidence under Rule 404 and was not admissible under article 38.371.

Before we address Salinas's arguments, we briefly recite the applicable law.

### INEFFECTIVE ASSISTANCE OF COUNSEL

"The defendant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate two things: deficient performance and prejudice." *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018); *accord Swinney v. State*, 663 S.W.3d 87, 90 (Tex. Crim. App. 2022) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

### A. Deficient Performance

To establish deficient performance, a defendant must show that counsel's assistance "fell below an objective standard of reasonableness." *Thompson*, 9 S.W.3d at 812; *see Prine*, 537 S.W.3d at 116. "Because there 'are countless ways to provide effective assistance in any given case,' a reviewing court must be highly deferential and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011) (quoting *Strickland*, 466 U.S. at 689); *accord Prine*, 537 S.W.3d at 117.

"When an ineffective assistance claim alleges that counsel was deficient in failing to object to the admission of evidence, the defendant must show, as part of his claim, that the evidence was inadmissible." *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002); *accord Ex parte Martinez*, 330 S.W.3d at 901. "The failure to object [to allegedly inadmissible evidence] will not support a claim of ineffective assistance unless the trial judge would have erred in overruling the objection." *Prine*, 537 S.W.3d at 117–18; *accord Ex parte Martinez*, 330 S.W.3d at 901; *Griffis v. State*, 441 S.W.3d 599, 609 (Tex. App.—San Antonio 2014, pet. ref'd).

## B. Prejudice

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *accord Thompson*, 9 S.W.3d at 812.

## ADMISSIBILITY OF PAST CRIMES EVIDENCE

The admissibility of evidence of past crimes is addressed by rule and statute.

## A. Rule 404(b)

Rule 404(b)(1) prohibits admission of evidence of past crimes "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1); *Valadez v. State*, 663 S.W.3d 133, 141 (Tex. Crim. App. 2022).

But Rule 404(b)(2) allows evidence of past crimes to be admitted for other purposes such as to prove motive, intent, or lack of accident, TEX. R. EVID. 404(b)(2), and "[t]he [rule's] exceptions . . . are neither mutually exclusive nor collectively exhaustive." *De La Paz v. State*,

279 S.W.3d 336, 342–43 (Tex. Crim. App. 2009); *see Thomas v. State*, 651 S.W.3d 102, 110 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd).

## C.    Code of Criminal Procedure Article 38.371

"Article 38.371, which applies to family-violence prosecutions, provides another non-character-conformity purpose for admitting extraneous-offense evidence." *James v. State*, 623 S.W.3d 533, 545 (Tex. App.—Fort Worth 2021, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 38.371(b)); *accord McDonnell v. State*, 674 S.W.3d 694, 701 (Tex. App.—Houston [1st Dist.] 2023, no pet.).  It allows the defendant and the State to "offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the [charged] offense . . . including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim." TEX. CODE CRIM. PROC. ANN. art. 38.371(b); *see James*, 623 S.W.3d at 546 ("Article 38.371(b) expressly allows extraneous-offense evidence regarding the nature of the relationship between an accused and a complainant."); *see also McDonnell*, 674 S.W.3d at 701 (recognizing that in family violence cases, "article 38.371 . . . permits the introduction of evidence 'of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense'" (quoting TEX. CODE CRIM. PROC. ANN. art. 38.371(b))).

"[E]vidence regarding the nature of a family or dating relationship can play an important role in domestic violence cases . . . [and] such evidence can provide context that assists the trier of fact in understanding the actions of both the accused and the complainant." *Valdesgalvan v. State*, 664 S.W.3d 407, 413 (Tex. App.—Fort Worth 2023, no pet.); *see McDonnell*, 674 S.W.3d at 703.

### FAILURE TO OBJECT TO STATE'S EXHIBITS

Salinas argues his trial counsel's performance was deficient because counsel failed to object to State's Exhibits 1–4, which he argues were inadmissible under Rule 404(b) or article

38.371. He also argues he was prejudiced because, if the exhibits had not been admitted, there is a reasonable probability the jury would have reached a different verdict or at least returned a lesser punishment.

## A. Deficient Performance

To support his argument that trial counsel's performance was deficient, Salinas had to show that one or more of State's Exhibits 1–4 was inadmissible. *See Ex parte Martinez*, 330 S.W.3d at 901; *Ortiz*, 93 S.W.3d at 93. But the exhibits, which showed two of Salinas's prior convictions for assaulting Valdez, were admissible under article 38.371 and Rule 404(b)(2). *See* TEX. CODE CRIM. PROC. ANN. art. 38.371(b); TEX. R. EVID. 404(b)(2); *McDonnell*, 674 S.W.3d at 703; *Thomas*, 651 S.W.3d at 110–11; *James*, 623 S.W.3d at 546.

### 1. Article 38.371(b)

Salinas and Valdez had a dating relationship, *see* TEX. FAM. CODE ANN. 71.0021(b), and in this case, "[a]rticle 38.371(b) expressly allow[ed] extraneous-offense evidence regarding the nature of the relationship between [Salinas] and [Valdez]." *See James*, 623 S.W.3d at 545–46 (citing TEX. CODE CRIM. PROC. ANN. art. 38.371(b)); *see also McDonnell*, 674 S.W.3d at 701–02; *Thomas*, 651 S.W.3d at 110–11.

Salinas's prior convictions provided context that could have assisted the jury in understanding the relationship between Salinas and Valdez and helped it determine whether Salinas committed the charged offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.371(b); *McDonnell*, 674 S.W.3d at 703 ("Evidence of [the defendant's] prior assaults and threats against [the complainant] were 'relevant facts and circumstances that would assist the trier of fact in determining whether [the defendant] committed the offense' because it illuminated 'the nature of the relationship between [the defendant and the complainant]." (quoting TEX. CODE CRIM. PROC. ANN. art. 38.371(b))); *Thomas*, 651 S.W.3d at 110–11.

Accordingly, State's Exhibits 1–4 were admissible under article 38.371(b). *See* TEX. CODE CRIM. PROC. ANN. art. 38.371(b); *McDonnell*, 674 S.W.3d at 703; *Thomas*, 651 S.W.3d at 110–11; *James*, 623 S.W.3d at 545–46.

*2.        Rule 404(b)(2)*

During voir dire, Salinas's counsel previewed the defensive theory that he ultimately developed at trial—that Valdez fabricated the assault, or she struck herself to implicate Salinas. *Cf. McDonnell*, 674 S.W.3d at 703 (presenting a "defensive theory that [the complainant] was lying about the assault because she repeatedly continued to associate with and communicate with [the defendant] following the assault"); *Thomas*, 651 S.W.3d at 110 (noting that '[t]he defensive theory at trial was based on complainant's credibility and the identity of the person who caused her injuries").

When the State moved to admit its exhibits 1–4, the trial court could have found at least two non-character conformity purposes to admit the exhibits under Rule 404(b)(2).

First, it could have admitted them to rebut Salinas's defense that Valdez was lying. *See* TEX. R. EVID. 404(b)(2); *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009) ("One well-established rationale for admitting evidence of uncharged misconduct [under Rule 404(b)] is to rebut a defensive issue that negates one of the elements of the offense."); *McDonnell*, 674 S.W.3d at 703; *Thomas*, 651 S.W.3d at 110.

Second, in response to the defensive theory that Valdez was not afraid of Salinas because she met him at a restaurant and drove his truck to her home and the theory that she caused the injuries to herself, it could have admitted them to show the relationship between Salinas and Valdez. *See James*, 623 S.W.3d at 546 (holding that evidence of past crimes was admissible under Rule 404(b) to show the relationship between the accused and the complainant); *see also McDonnell*, 674 S.W.3d at 703; *Thomas*, 651 S.W.3d at 110.

In each instance, the evidence was admissible because it was offered for a purpose other than to show that Salinas acted in conformance with that character. *See* TEX. R. EVID. 404(b)(2); *De La Paz v. State*, 279 S.W.3d at 342–43; *McDonnell*, 674 S.W.3d at 703; *Thomas*, 651 S.W.3d at 110. Accordingly, State's Exhibits 1–4 were admissible under Rule 404(b)(2). *See* TEX. R. EVID. 404(b)(2); *McDonnell*, 674 S.W.3d at 703; *Thomas*, 651 S.W.3d at 110; *James*, 623 S.W.3d at 545–46.

### 3. Deficient Performance Not Proved

Under Article 38.371 and Rule 404(b)(2), the trial court had discretion to admit State's Exhibits 1–4, and Salinas has not argued any other basis to show that the evidence was inadmissible.

Therefore, Salinas has not met his burden to show that the exhibits were inadmissible. *See Ortiz*, 93 S.W.3d at 93 ("When an ineffective assistance claim alleges that counsel was deficient in failing to object to the admission of evidence, the defendant must show, as part of his claim, that the evidence was inadmissible."); *see also Ex parte Martinez*, 330 S.W.3d at 901.

Thus, trial counsel's limited objections to State's Exhibits 1–4 will not support Salinas's claim that trial counsel's performance was deficient. *See Prine*, 537 S.W.3d at 117–18 ("The failure to object [to allegedly inadmissible evidence] will not support a claim of ineffective assistance unless the trial judge would have erred in overruling the objection."); *Ex parte Martinez*, 330 S.W.3d at 901; *Griffis*, 441 S.W.3d at 609.

We overrule Salinas's first and third issues.

## B. Prejudice

In his second issue, Salinas argues that he was prejudiced by the admission of State's Exhibits 1–4. He insists that, if they had not been admitted, there is a reasonable probability the jury would have reached a different verdict or at least returned a lesser punishment.

Even if we were to assume trial counsel's performance was deficient, Salinas has not shown how he was prejudiced. State's Exhibits 1–4 were admitted, but only for a limited purpose. *See Walker v. State*, 300 S.W.3d 836, 850–51 (Tex. App.—Fort Worth 2009, pet. ref'd) ("A trial court must provide a limiting instruction that "restrict[s] the evidence to its proper scope." (quoting TEX. R. EVID. 105(a))); *see also Thomas*, 651 S.W.3d at 110–11; *James*, 623 S.W.3d at 549.

### 1.    *Charge's Limiting Instruction*

The trial court's charge included the following limiting instruction:

> You are instructed that if there is testimony and/or evidence before you in this case regarding the defendant having committed an offense or act of misconduct, if any, other than the offense alleged against him in the indictment in this case, such testimony and/or evidence cannot be considered by you for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such offense or act of misconduct, if any, and even then you may only consider the same in assisting you, if it does, in contextualizing the nature of the relationship between the complainant and the defendant in this case, and for no other purpose.

The charge instructed the jury about the requisite burden of proof and to consider the past crimes evidence only to "contextualize the nature of the relationship between [Valdez] and [Salinas] and for no other purpose." *Cf. Thomas*, 651 S.W.3d at 111 ("The trial court gave a limiting instruction to the jury that it could only consider the extraneous offense evidence for the limited purposes of identity to rebut a defensive theory and to show the previous and subsequent relationship of appellant and complainant."); *James*, 623 S.W.3d at 549 (similar limiting instruction).

### 2.    *Presumption that Jury Followed Instruction*

"We generally presume that the jury followed the trial court's instructions." *Reed v. State*, 680 S.W.3d 620, 627 (Tex. Crim. App. 2023); *accord Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). "The presumption is refutable, but the appellant must rebut the presumption

by pointing to evidence that the jury failed to follow the trial court's instructions." *Thrift*, 176 S.W.3d at 224; *Fulmer v. State*, 401 S.W.3d 305, 317 (Tex. App.—San Antonio 2013, pet. ref'd).

### 3.    No Evidence to Rebut Presumption

Here, Salinas has not pointed us to any evidence to show—or even argued—that the jury failed to follow the trial court's instructions. *See Thrift*, 176 S.W.3d at 224; *Fulmer*, 401 S.W.3d at 317; *Walker*, 300 S.W.3d at 850.

As a result, we presume the jury followed the instruction to consider Salinas's prior convictions solely for the purpose of contextualizing his relationship with Valdez, and it did not consider State's Exhibits 1–4 in determining Salinas's guilt or punishment. *See Thrift*, 176 S.W.3d at 224; *Fulmer*, 401 S.W.3d at 317; *Walker*, 300 S.W.3d at 850–51.

Thus, Salinas has not shown that the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694; *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018); *Rodriguez v. State*, 129 S.W.3d 551, 561 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

We overrule Salinas's second issue.

### CONCLUSION

Salinas argued that his trial counsel provided ineffective assistance by failing to object to State's Exhibits 1–4, which documented two of Salinas's previous convictions for assaulting Valdez. He insisted the exhibits were inadmissible under either Rule 404(b)(2) or Article 38.371.

We disagree. As we explained, on this record, the exhibits were admissible under both the rule and the statute. Accordingly, Salinas failed to meet his burden to prove the exhibits were inadmissible, which defeats his argument that his trial counsel's performance was deficient.

Even if we were to assume that trial counsel's performance was deficient, Salinas failed to prove that he was prejudiced by the admission of evidence of his past crimes.

Having overruled each of Salinas's issues, we affirm the trial court's judgment.


Patricia O. Alvarez, Justice

DO NOT PUBLISH