**AFFIRMED and Opinion Filed June 28, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01200-CR**

**No. 05-22-01201-CR**

**NICKLAS ALLEN GAGLIARDI, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause Nos. 33887CR & 44888CR**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Nowell

Nicklas Allen Gagliardi was indicted for aggravated assault and murder. A jury convicted him of aggravated assault and the lesser-included offense of manslaughter. In four issues, appellant argues the trial court abused its discretion by overruling two motions for mistrial and asserts his counsel provided ineffective assistance. We affirm the trial court's judgments.

After Dusti Silas ended her romantic relationship with appellant, appellant told Silas's stepmother that: "if I find [her] and if she's with anybody, I'm going to kill her. I'm going to kill them both." A day or two later, appellant saw Silas in a car with her friend, Mitchell Shepard. Appellant, driving dangerously and executing several illegal driving maneuvers such as driving above the speed limit and on the shoulder, chased the car driven by Silas on an Interstate highway. Appellant's car hit Silas's vehicle, causing Silas's vehicle to hit an 18-wheeler parked on the side of the highway. Shepard died at the scene, and Silas was severely injured.

## MOTIONS FOR MISTRIAL

In his first issue, appellant argues the trial court abused its discretion by denying his motion for mistrial after a prospective juror revealed appellant had a criminal history. In his third issue, appellant argues the trial court abused its discretion by denying his motion for mistrial after a State's witness testified he was trying to obtain drugs. The State responds that appellant failed to request an instruction to disregard, which would have cured any error, and the trial court acted within its discretion.

A mistrial is an appropriate remedy in extreme cases for a narrow class of highly prejudicial and incurable errors. *Turner v. State,* 570 S.W.3d 250, 268 (Tex.

---

[1] The trial lasted six days and included testimony from numerous witnesses and the admission of nearly three dozen exhibits. The facts are well known to the parties. We recite only those facts necessary to resolve this appeal. *See* TEX. R. APP. P. 47.1.

Crim. App. 2018). We review a trial court's denial of a motion for a mistrial for an abuse of discretion. *Becerra v. State*, 685 S.W.3d 120, 127 (Tex. Crim. App. 2024). Under the abuse of discretion standard, we do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Id.* A trial judge abuses his discretion when no reasonable view of the record could support his ruling. *Id.*

Because it is an extreme remedy, a mistrial should be granted "only when residual prejudice remains" after less drastic alternatives are explored. *Ocon v. State*, 284 S.W.3d 880, 884–85 (Tex. Crim. App. 2009). Though requesting lesser remedies is not a prerequisite to a motion for mistrial, when the movant does not first request a lesser remedy, we will not reverse the court's judgment if the problem could have been cured by the less drastic alternative. *Id*. at 885.

During voir dire, appellant's counsel asked the venire members whether they could make their decisions based on the facts as presented in the courtroom. One prospective juror responded: "Well, just based on the news, I know there were past offenses. You can't always believe the news." Without requesting a lesser remedy such as an instruction to disregard or to strike the jury panel, appellant's counsel moved for a mistrial. The trial court denied the motion.

Appellant argues all other members of the venire must have heard the comment, and it would have affected their abilities to be fair and impartial. Appellant's arguments are speculative, at best, and have no foundation in the record.

–3–

The record does not show that any venire person heard the remark, was influenced by it, or would not have been able to disregard the comment if an instruction to disregard had been given. Based on this record, we cannot conclude the trial court abused its discretion by denying appellant's motion for the extreme remedy of a mistrial. We overrule appellant's first issue.

Appellant's counsel also requested a mistrial after a witness testified appellant "was trying to get drugs and he needed some help to get them." The trial court denied the motion and instructed the jury to disregard the answer.

"A witness's inadvertent reference to an extraneous offense is generally cured by a prompt instruction to disregard. . . . a mistrial should be granted only in cases where the reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds." *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009) (internal footnote and quotation marks omitted). We generally presume the jury follows the trial court's instructions in the manner presented. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). The presumption is refutable, but the appellant must rebut the presumption by pointing to evidence that the jury failed to follow the trial court's instructions. *Id*.

Appellant concedes the witness's statement was "a spontaneous outburst"; the State did not solicit the drug-related testimony. The trial court could have reasonably concluded the testimony was not so inflammatory as to be incurable by an instruction

to disregard, and we presume the jury followed the judge's instruction to disregard. Appellant has not refuted this presumption. Accordingly, based on this record, we discern no abuse of discretion in the trial court's denial of appellant's motion for mistrial. We overrule appellant's third issue.

INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant argues his trial counsel provided ineffective assistance by failing to move to redact a portion of the autopsy report, and in his fourth issue, he argues his counsel provided ineffective assistance by failing to request a jury instruction for the lesser-included offense of criminally negligent homicide.

A defendant is entitled to reasonably effective assistance of counsel under the Sixth Amendment to the United States Constitution and under section 10 of article I of the Texas Constitution. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. Generally, we review ineffective assistance of counsel claims under the *Strickland v. Washington* standard, which, to obtain a reversal of a conviction, requires an appellant demonstrate by a preponderance of the evidence that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. 466 U.S. 668, 687 (1984).

As to the first prong, "[i]t is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely

of questionable competence. Rather, the record must affirmatively demonstrate trial counsel's alleged ineffectiveness." *Johnson v. State*, 624 S.W.3d 579, 585–86 (Tex. Crim. App. 2021) (quoting *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007)). The defendant must overcome "the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" and that the conduct constituted sound trial strategy. *Id.* at 586 (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). For an appellant to defeat this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

Trial counsel should generally be given an opportunity to explain his actions before being found ineffective. *Id.* In the face of an undeveloped record, counsel should be found ineffective only if his conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Id.* Thus, if the record does not contain affirmative evidence of trial counsel's reasoning or strategy, we presume counsel's performance was not deficient. *Id.*

Appellant complains that his counsel was ineffective because he did not move to redact a portion of the autopsy report and he did not request the jury be charged on criminally negligent homicide. The record is silent as to counsel's reasons for her

–6–

actions. With this silent record, we cannot determine why counsel chose not to object or request the jury instruction, we may not speculate why counsel made the choices she did, and we must presume counsel had strategic reasons for her actions. Neither action about which appellant complains is so outrageous that no competent attorney would have engaged in it. We conclude appellant has not met the first prong of the *Strickland* test. We overrule appellant's second and fourth issues.

CONCLUSION

We affirm the trial court's judgments.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
221200F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

NICKLAS ALLEN GAGLIARDI,
Appellant

No. 05-22-01200-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 33887CR.
Opinion delivered by Justice Nowell.
Justices Molberg and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 28, 2024



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

NICKLAS ALLEN GAGLIARDI, Appellant

No. 05-22-01201-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court, Hunt County, Texas Trial Court Cause No. 33888CR. Opinion delivered by Justice Nowell. Justices Molberg and Kennedy participating.

     Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 28, 2024